**UNITED STATES**

v.

**Leonel ESPINOZA, Seaman Apprentice, U.S. Coast Guard.**

**CGCMS 23892.**
**Docket No. 915.**

U.S. Coast Guard Court of
Military Review.

7 Oct. 1988.

Trial Counsel: CDR J.A. Unzicker, Jr., USCG.

Defense Counsel: LT M.J. Zmaczynski, USCGR.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: LCDR Robert Bruce, USCG LT Samuel R. Watkins, USCG (on brief).

Before PANEL ONE, BAUM, BRIDGMAN and JOSEPHSON, Appellate Military Judges.

BAUM, Chief Judge:

We have carefully considered the well articulated defense brief which urges disapproval of the punitive discharge as inappropriate for this accused and his offenses, but in the final analysis must disagree with the course advocated. In so doing, we have rejected that portion of appellant's argument that submits two clemency actions by the Commandant as authority for the proposition that a bad conduct discharge in this case is disproportionately severe. Clemency measures are distinctly different from sentence appropriateness determinations made by Courts of

Military Review. Grants of clemency are acts of leniency beyond the range of our judicial review. The Court of Military Appeals underscored these points in a recent decision issued after the filing of appellant's brief. In *United States v. Healy,* 26 M.J. 394 (CMA 1988), the Court of Military Appeals said:

> As interpreted by this Court, Article 66, UCMJ, 10 USC § 866, assigns to the Courts of Military Review only the task of determining sentence appropriateness: doing justice. Of course, a judicial body is especially suited to perform this task. The responsibility for clemency, however, was placed by Congress in other hands. Thus, the convening authority [and other officials empowered by the Uniform Code of Military Justice] may grant mercy ..., after trial, by reducing the accused's sentence pursuant to "command prerogative."

*Id.* at 395 and 396.

We deem the clemency actions of the Commandant of the Coast Guard, in remitting two bad conduct discharges after they had been found to be appropriate by this Court, to be deeds of mercy properly within his province, but not necessarily relevant to our task.

■ By the same token, the government's view of our sentence responsibility is also rejected as far too limited in scope. Appellate government counsel says at page two of his brief:

> In this case Appellate Defense counsel has not raised any allegations of error at trial beyond the claim that the Punitive Discharge is inappropriately severe. Absent an abuse of discretion resulting in a clear matter of injustice, the judgment of the sentencing authority who had the opportunity to observe the demeanor of the witnesses and all of the evidence first hand, including the testimony of the accused in extenuation and mitigation,

should not be disturbed. *United States v. Coldiron,* 9 M.J. 900 (A.F.C.M.R.1980). We do not accept this statement as the standard to be applied at this level when reviewing sentences, nor do we believe the *Coldiron* opinion stands for this principle. This Court is not restricted to reducing sentences only when abuses of discretion by sentencing authorities are found to have occurred. Article 66, 10 U.S.C. § 866, Uniform Code of Military Justice, places a broad responsibility on Courts of Military Review to independently determine whether a sentence is appropriate for the offenses committed and the particular accused before the court. *United States v. Healy, supra; United States v. Snelling,* 14 M.J. 267 (CMA 1982); *United States v. Olinger,* 12 M.J. 458 (CMA 1982). That is the rule which guides our sentence efforts.

■ In fulfilling our Article 66, Uniform Code of Military Justice responsibilities, we have considered all the matters of record, including those asserted here and at trial in appellant's behalf. After weighing all aspects of this case, we are unable to say that the sentence of a bad conduct discharge and reduction to pay grade E-1 is inappropriately severe in any respect for this accused and the two unauthorized absence offenses of which he has been found guilty. The findings and sentence of a bad conduct discharge and reduction to pay grade E-1 are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed.

Judges BRIDGMAN and JOSEPHSON concur.