Angel L. GARCIA, 584 29 5565,
Gunner's Mate Third Class,
U.S. Coast Guard

v.

UNITED STATES.

Misc. Docket No. 002-89.

U.S. Coast Guard Court of
Military Review.

22 June 1989.

Counsel for Petitioner: LCDR James Collin, USCG.

Counsel for Respondent: LCDR Michael Devine, USCG.

OPINION OF THE COURT ON PETITION FOR EXTRAORDINARY RELIEF IN THE NATURE OF A WRIT OF HABEAS CORPUS

BAUM, Chief Judge:

Appellant's record of trial was referred to this Court on 27 March 1989 for review under Article 66, Uniform Code of Military Justice, 10 U.S.C. § 866. Assignments of error and brief have not been submitted yet, but a petition for extraordinary relief in the nature of a writ of habeas corpus was filed on June 16, 1989. The petition and its enclosures reflect that appellant's sentence includes twelve months confinement, which commenced when adjudged on November 30, 1988. The confinement was approved on 21 February 1989 by the convening authority, Rear Admiral G.D. Passmore, USCG, who now asks for clemency from the Secretary, Department of Transportation in a letter of 6 June 1989 "recommending that the Secretary suspend and remit 60 days of the unexecuted sentence to confinement pursuant to the residual authority contained in Article 74(a), UCMJ." There is no indication that the Secretary has acted on this request or even that the Commandant of the Coast Guard has forwarded it with a recommendation. Nevertheless, appellant prays for an order directing his release from confinement on or before 18 July 1989 in order to effectuate the convening authority's recommendation.

In support of the petition, appellate defense counsel submits the following:

Appellant's brief in this matter is due on 26 July 1989. Given the normal course of appellate review, response from Government, oral argument and time for decision it is more than likely the 18 July date [sic] 1989 will have come and gone long before action by this Honorable Court.

This delay will frustrate the plain intent of the convening authority in this case and result in manifest injustice to appellant to remain in jail only for the purposes of the appellate process despite the desires of his commanding officer.

Petition for Extraordinary Relief in the Nature of a Writ of Habeas Corpus at 3.

In *United States v. Espinoza,* 27 M.J. 551 (CGCMR 1988), we pointed out the difference between clemency and sentence oversight performed by this Court. We said in that case, "[c]lemency measures are distinctly different from sentence appropri-

**918**

ateness determinations made by Courts of Military Review. Grants of clemency are acts of leniency beyond the range of our judicial review." *Id.* at 551–52. Quoting from the Court of Military Appeals on this subject, we went on to say the following:

> In *United States v. Healy*, 26 M.J. 394 (CMA 1988), the Court of Military Appeals said:
>
>> As interpreted by this Court, Article 66, UCMJ, 10 USC § 866, assigns to the Courts of Military Review only the task of determining sentence appropriateness: doing justice. Of course, a judicial body is especially suited to perform this task. The responsibility for clemency, however, was placed by Congress in other hands. Thus, the convening authority [and other officials empowered by the Uniform Code of Military Justice] may grant mercy ..., after trial, by reducing the accused's sentence pursuant to "command prerogative."
>
> *Id.* at 395 and 396.

*United States v. Espinoza,* 27 M.J. at 552.

Consistent with these earlier observations, a request by appellant for early release from confinement based on clemency under Article 74(a), Uniform Code of Military Justice, 10 U.S.C. § 874(a) is a proper matter for the Secretary, Department of Transportation, as outlined in the Coast Guard's Military Justice Manual, Enclosure (9), not the Court of Military Review. We view the instant petition for a Writ of Habeas Corpus as relating solely to clemency rather than appropriateness of the approved sentence. For that reason, the petition is denied without prejudice to appellant's right to seek reduction of confinement during the course of normal appellate review of the sentence under the terms of Article 66, Uniform Code of Military Justice. Our action in so denying this petition should not be interpreted in any way as expressing an opinion with respect to when or what ultimate clemency action should be taken by the Secretary. That is a matter solely within his province. It should not be affected by the denial of the petition or this Court's pending review of the record. Appellant is free to pursue expedited clemen-

cy action with the Commandant and the Secretary even though Article 66 review has not been completed.

Judges BRIDGMAN and JOSEPHSON concur.