**UNITED STATES**

v.

**Jack L. HARDIN, Lieutenant Commander, U.S. Coast Guard.**

**CGCM 0025.**
**Docket No. 934.**

U.S. Coast Guard Court of
Military Review.

14 Nov. 1989.

Trial Counsel: Capt. Kevin M. Anderson, USMC.

Assistant Trial Counsel: Lt. Dennis A. Hoffman, USCGR.

Defense Counsel: L. Cdr. Matthew G. Williams, USCG.

Assistant Defense Counsel: Lt. Stephen J. Maher, JAGC, USNR.

Appellate Defense Counsel: L. Cdr. James Collin, USCG.

Appellate Government Counsel: Cdr. Richard T. Buckingham, USCG.

Before Panel Two, BAUM, BARRY and GRACE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant is a Lieutenant Commander with eighteen years of active duty military service. During his first three years as an enlisted Marine, he earned, among other awards, the Presidential Unit Citation for service in Vietnam with the Third Marine Division and the Republic of Vietnam Meritorious Unit Citation Gallantry Cross. After leaving the Marine Corps, appellant later commenced a Coast Guard career as a commissioned officer. Until the offenses before this Court, LCDR Hardin had distinguished himself in the Coast Guard over an almost 15 year period, during which time he received the Coast Guard Commendation Medal and the Coast Guard Achievement Medal with Gold Star In Lieu of a Second Award. As pointed out in the brief on his behalf:

> His career in the Coast Guard was one success after another. The unbroken chain of his officer evaluation reports reveal an individual with exceptional dedication, tremendous competence and a willingness to make sacrifices in the service of his country and his fellow human beings.
>
> He personally rescued a drowning young girl swimming 500 yards in open water to pull her from her capsized canoe. Leading a Coast Guard team he led a rescue effort at a burning building that saved other buildings in the immediate vicinity. When a barge and tug lost power and began to drift he and his people took out a 19 foot boston whaler boarded the drifting barge and averted a potential marine disaster. In between these acts of conspicuous heroism he went beyond the call of duty in more mundane tasks as taking time out to

speak to children about boating safety and conducting training sessions for marine industry tankermen.

As Vice Admiral Costello, his former commander testified to at the trial he was an exceptional Coast Guard officer in every way and whose life was the Coast Guard.

Despite all that, the awards, the dedication, the effort, appellant washed away his life, his career, his honor and his eighteen years of exemplary service on the poison that is cocaine.

Appellant stands before this court convicted, pursuant to his pleas of guilty, of four offenses in violation of Articles 112a, 81 and 86, Uniformed Code of Military Justice, 10 U.S.C. §§ 881, 886, 912a which directly result from his involvement with cocaine. These offenses include one specification of cocaine use, one specification of cocaine distribution, one specification of conspiracy to obstruct an investigation into his cocaine use and one specification of 6 days unauthorized absence. His sentence as approved by the convening authority extends to a dismissal from the service, confinement for nine months, and forfeiture of $1800.00 per month for nine months, with the confinement and forfeitures suspended for a year.

Based on appellant's exemplary military record, counsel argues that the sentence in this case is disproportionate and requests that we set aside the dismissal. In response, the Government argues that appellant's contention is merely a petition for clemency couched as a sentence appropriateness argument. Citing *U.S. v. Espinoza*, 27 MJ 551 (CGCMR 1988) and *U.S. v. Healy*, 26 MJ 394 (CMA 1988), the Government points out that clemency measures are distinctly different from sentence appropriateness determinations made by Courts of Military Review. We agree with this proposition, having already recorded our views on this subject in *U.S. v. Espinoza*, supra and reiterating them in *Garcia v. U.S.*, 28 MJ 917 (CGCMR 1989).

Despite the fine record of this officer and despite the impressive testimony in his behalf by his last commander, retired Vice Admiral John D. Costello, who presented a strong endorsement of the accused and his exceptional performance as a Coast Guard officer on the Admiral's staff, we must balance this record against the very nature of the acts which constitute the offenses in this case. In determining the appropriateness of the sentence, after weighing all of these matters, we are impelled to the conclusion that dismissal from the service is appropriate for the offenses committed by this commissioned officer.

We agree with appellate defense counsel that it is a sad commentary on the state of our society and an even sadder commentary on the life and career of a distinguished Coast Guard officer, but by now everyone in the Coast Guard should be aware that such a personal tragedy can be the inevitable consequence of involvement with the scourge we know as cocaine. We stand, however, on what was said in *U.S. v. Espinoza*, supra, and *Garcia v. U.S.*, supra.

Others in our military justice system are properly tasked with reviewing a case for clemency or leniency action, and such action may well be appropriate based on the entire record and matters outside the record to which this court has no access. However, such steps are beyond the range of our judicial review. Applying the appropriate standards for this Court, we cannot say the sentence is disproportionate to the offenses or for this accused.

Accordingly, the findings and sentence as approved and partially suspended below are affirmed.

Judges BARRY and GRACE concur.