UNITED STATES

v.

**Lorretta E. SANTOS, Boatswain's Mate, Third Class U.S. Coast Guard.**

CGCMS 23933.
Docket No. 932.

U.S. Coast Guard Court of
Military Review.

8 Feb. 1990.

Trial Counsel: LCDR Joseph F. Ahern, USCG.

Detailed Defense Counsel: LT David J. Martin, USCG.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG.

Before Panel Two BAUM, BARRY and GRACE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant, after pleading not guilty, was convicted by Special Court-martial judge alone of one specification of wrongful use of cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. Thereafter, the judge imposed a sentence of a Bad Conduct Discharge and reduction to E-3, which the convening authority approved without modification. Before this Court, appellant has assigned one error, that the sentence was disproportionate. We disagree.

In one of this Court's most recent cases, *U.S. v. Hardin*, 29 M.J. 801 (C.G.C.M.R. 1989), a commissioned officer who had been sentenced to a dismissal, along with confinement and forfeitures, for cocaine use and three other related offenses, also argued that the sentence was disproportionate based on his exemplary military record. In response, we said that despite the fine record and impressive testimony in the accused's behalf, we were impelled to the conclusion that punitive separation from the service was an appropriate sentence for such offenses. The same rationale applies to the instant case of a petty officer with a spotless Coast Guard record. This young woman had performed in an outstanding manner before a positive urinalysis test revealed she had ingested cocaine. After trial and conviction for the wrongful use of this drug, she was still considered worthy of retention in the Coast Guard by her supervisor, a Lieutenant Commander who testified to that effect at trial. We have balanced all of this favorable information against the nature of the offense, as we did in *U.S. v. Hardin*, supra.

We have also taken into consideration other defense arguments: (1) that, while disciplinary action for drug use is permissible, "the Commandant's preferred policy is administrative discharge alone in cases where there is evidence solely of drug abuse based on urinalysis" Brief for Appellant at 4, and (2) that "the stigma of a punitive discharge will stay with appellant forever resulting in loss of veterans benefits and putting severe obstacles in the path of a young single mother who must look for ways to support herself and her

child." Brief for Appellant at 4. In weighing these concerns, we have distinguished that information bearing solely on clemency from traditional extenuation and mitigation matters relating to proper punishment, because clemency measures available to authorities outside the judicial system are distinctly different from sentence appropriateness determinations made by Courts of Military Review. *U.S. v. Hardin,* supra; *Garcia v. U.S.,* 28 M.J. 917 (C.G.C.M.R.1989); *U.S. v. Espinoza,* 27 M.J. 551 (C.G.C.M.R. 1988).

The personal emotional trauma of trial and punishment as well as the possible long term adverse impact of a bad conduct discharge on the appellant and her child are acknowledged. Nevertheless, as we said in *Hardin,* supra:

> [B]y now everyone in the Coast Guard should be aware that such a personal tragedy can be the inevitable consequence of involvement with the scourge we know as cocaine. We stand, however, on what was said in *U.S. v. Espinoza,* supra, and *Garcia v. U.S.,* supra.
>
> Others in our military justice system are properly tasked with reviewing a case for clemency or leniency action, and such action may well be appropriate based on the entire record and matters outside the record to which this court has no access. However, such steps are beyond the range of our judicial review. Applying the appropriate standards for this Court, we cannot say the sentence is disproportionate to the offenses or for this accused.

*Id.* at 802.

The findings and sentence as approved below are affirmed.

Judges BARRY and GRACE concur.