UNITED STATES

v.

**Jimmy W. WRIGHT, Machinery Technician Second Class, U.S. Coast Guard.**

**CGCMS 23964.
Docket No. 949.**

U.S. Coast Guard Court of Military Review.

10 July 1990.

Military Judge: CAPT Douglas A. Smith, USCG.

Trial Counsel: LT Mark R. Higgins, USCG.

Detailed Defense Counsel: LT Mark R.B. Stewart, USCGR.

Appellate Government Counsel: LCDR Michael J. Devine, USCG.

Appellate Defense Counsel: LCDR James Collin, USCG (On brief). LT G Arthur Robbins, USCG.

Before Panel One, BAUM, BRIDGMAN and SHKOR, Appellate Military Judges.

BAUM, Chief Judge:

Appellant, pursuant to his pleas of guilty, was convicted by a special court-martial, judge alone, of one specification of attempt to wrongfully possess two rocks of crack cocaine; one specification of wrongful use of cocaine; one specification of wrongful use of marijuana; and three specifications of larceny of sea strainers, property of the United States of a total value of about $3,900.00, in violation of Articles 80, 112a, and 121 of the Uniform Code of Military Justice, 10 U.S.C. §§ 880, 912a, 920. He was sentenced to be discharged from the U.S. Coast Guard with a bad conduct discharge, to be confined for four months, to forfeit $300.00 per month for six months and to be reduced to pay grade E–3. The convening authority, pursuant to a pretrial agreement, approved only so much of the sentence as provides for a bad conduct discharge, confinement for four months and reduction to pay grade E–3.

Before this Court, appellate counsel has assigned one error, that the sentence is disproportionately severe. He argues that appellant has contributed greatly to his Country and the Coast Guard during sixteen years of active duty, distinguishing himself in numerous operational challenges and that, "[t]ragically like others, he fell victim to the lethal combination of alcohol and drug abuse". Brief for Appellant at 4. Counsel points to the devastating effect on appellant's wife and three children of the conduct revealed here, most poignantly documented by the suicide attempts of one of appellant's daughters. Counsel also notes the judge's comments just prior to sentencing, to the effect that it is sad to see a long-serving productive Coast Guard member throw away his life and career for the illusion provided by narcotics.

With these matters in mind, appellant submits that an appropriate sentence is one that does not include a punitive discharge, particularly since the lifetime burden of such a discharge will add much difficulty

and pain to him and his family. Similar arguments were made to this Court in the cases of *U.S. v. Hardin*, 29 M.J. 801 (CGCMR 1990) and *U.S. v. Santos*, 29 M.J. 1064 (CGCMR 1990), the former involving a Lieutenant Commander with 18 years of exemplary service, and the latter, a single mother who was a petty officer with a spotless record. The central offenses for both of these accuseds was cocaine use. Each had received a sentence including punitive separation from the Coast Guard, which counsel contended was inappropriately severe. We rejected that argument in both cases, distinguishing between sentence appropriateness determinations, which are properly a part of the judicial decisions of this Court, and clemency actions, which are beyond the range of our judicial review. In those cases we saw the urgings of appellants more as clemency pleas for leniency rather than advancing matters relating to proper punishment. Upon application of the appropriate standards for judging sentences, we were unable to say in those cases that a punitive discharge was inappropriately severe for offenses involving cocaine use, despite the highly favorable evidence in extenuation and mitigation.

We reach the same conclusion here, rejecting counsel's argument that the confinement aspect of the instant sentence, somehow, distinguishes this case from the previous ones. The bottom line in all of these cases is the same. A punitive discharge for cocaine use is appropriate punishment, despite the accused's favorable service history. Again, we leave for others the task of determining whether clemency or leniency action may be warranted based on the entire record and matters outside the record to which this Court has no access.

The findings and sentence approved below are affirmed.

Judge BRIDGMAN concurs.

Judge SHKOR did not participate in this case.