# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## UNITED STATES

v.

## Brian A. VANWINKLE
### Boatswain's Mate Chief Petty Officer (E-7), U.S. Coast Guard

**CGCMS 24900**
**Docket No. 1386**

**13 March 2015**

Special Court-Martial convened by Commander, Coast Guard Pacific Area.  Tried at Alameda, California, on 16-17 July 2013.

| | |
|---|---|
| Military Judge: | LCDR Benjamin G. Karpinski, USCG |
| Trial Counsel: | LCDR Luke R. Petersen, USCG |
| Assistant Trial Counsel: | LT Geralyn M. van de Krol, USCG |
| Defense Counsel: | LT Maura K. Finigan, JAGC, USN |
| Appellate Defense Counsel: | LT Cara J. Condit, USCG |
| | LT Philip A. Jones, USCGR |
| Appellate Government Counsel: | LCDR Amanda M. Lee, USCG |

### BEFORE
### McCLELLAND, GILL & CLEMENS
Appellate Military Judges

McCLELLAND, Chief Judge:

Appellant was tried by special court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of violating a lawful general regulation and one specification of dereliction of duty, in violation of Article 92, Uniform Code of Military Justice (UCMJ); three specifications of maltreatment, in violation of Article 93, UCMJ; one specification of making a false official statement, in violation of Article 107, UCMJ; two specifications of assault consummated by battery and one specification of assault, in violation of Article 128, UCMJ; and two specifications of communicating indecent language, in violation of Article 134, UCMJ.  The military judge sentenced Appellant to confinement for six months, reduction to E-1, and a bad-

conduct discharge. In accordance with the pretrial agreement, the Convening Authority approved confinement for three months, reduction to E-4, and a bad-conduct discharge.

Before this court, Appellant has assigned the following errors:

I.      The Military Judge erred by admitting the statement of R.W. and her husband, B.W., because the evidence was not proper evidence in aggravation under R.C.M. 1001(b)(4).

II.     Appellant's approved sentence warrants relief under Article 66(c), Uniform Code of Military Justice, as the punitive discharge is unjustifiably severe for Appellant's convictions.

In addition, the Government points out that Appellant's plea to Charge I, Specification 1, violation of a lawful general regulation, appears to be improvident. We agree that Appellant's plea to Charge I, Specification 1 is improvident. We also agree with the Government that since the specification was merged for sentencing with Charge I, Specification 2, dereliction of duty, disapproval of the finding of guilty of specification 1 does not affect the sentence.

We reject the assigned errors, dismiss certain specifications for unreasonable multiplication of charges, and affirm the sentence.

**Facts**

Appellant was convicted of willful dereliction of duty for having two handguns and ammunition aboard his cutter without storing them in the cutter's armory. He was also convicted of various offenses against three junior female Coast Guard personnel, including maltreatment of each – largely in the nature of sexual harassment. Finally, he was convicted of making a false official statement for denying that he had "had poor judgment with anyone else" other than, presumably, the three women. All offenses occurred in 2011-2012.

In a stipulation of fact, Prosecution Exhibit 1, Appellant admitted that his denial of having had poor judgment with anyone else was false in that he had committed misconduct against other Coast Guard women during his career, naming four individuals and describing his

inappropriate behavior with them.[1] For two of these, the behavior had occurred at Station Hobucken. For a third, the behavior had occurred at Station Fort Macon. For the fourth woman, the location was unspecified.[2]

During the Government's sentencing case, the Government offered four pages of service record entries that were admitted as Prosecution Exhibit 2. The fourth page of Prosecution Exhibit 2 is a Page 7 entry dated 11 September 2003 and acknowledged by Appellant on 8 October 2003, documenting that Appellant, then an E-6, had engaged in improper relationships with two junior female crew members at Station Hobucken.

Other sentencing evidence, admitted as Prosecution Exhibits 3-8, are statements by four women and two men concerning Appellant's inappropriate behavior with junior female Coast Guard members. Prosecution Exhibit 3 is a statement by one of the three victims of Appellant's offenses in the instant case. Prosecution Exhibit 4 is a statement by another woman, not one of the three victims and not one of the four women named in the Stipulation of Fact, about Appellant's inappropriate behavior toward her and other women (including the fourth woman in the Stipulation of Fact) at Station Fort Macon in 2001-2002. Prosecution Exhibit 5 is a statement by a man about Appellant's inappropriate behavior toward the third woman named in the Stipulation of Fact, as well as toward his wife, the declarant of Prosecution Exhibit 4, and the fourth woman named in the Stipulation of Fact, all at Station Fort Macon. Prosecution Exhibit 6 is a statement by the first woman named in the Stipulation of Fact about Appellant's inappropriate behavior toward her at Station Hobucken in 2003. Prosecution Exhibit 7 is a statement by yet another woman, not one of the three victims and not one of the four women named in the Stipulation of Fact, about Appellant's inappropriate behavior toward her at Station Hatteras Inlet in 2005. Prosecution Exhibit 8 is a statement by a man about Appellant's inappropriate behavior toward women at Station Hobucken.

---

[1] During the providence inquiry on the specification under Article 107, Appellant stated that the discussion during which the false statement was made included reference to the first of the four women. (R. at 154.) Hence the denial might have been false only with respect to the other three.

[2] Later evidence, notably Prosecution Exhibits 4 and 5, indicates that the fourth woman had been at Station Fort Macon.

**Prosecution Exhibits 4 and 5**

Appellant asserts that the military judge committed plain error when he admitted Prosecution Exhibits 4 and 5, the statements of R.W. and her husband, B.W., because they discuss uncharged misconduct by Appellant that was not addressed in the stipulation of fact or elsewhere during trial. Appellant acknowledges that there was no objection to these two exhibits. "Where an appellant has not preserved an objection to evidence by making a timely objection, that error will be forfeited in the absence of plain error." *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014) (quoting *United States v. Brooks*, 64 M.J. 325, 328 (C.A.A.F. 2007); internal quotation marks omitted). To establish plain error, "Appellant has the burden of establishing (1) error that is (2) clear or obvious and (3) results in material prejudice to his substantial rights." *Id.* (citing *Brooks*, 64 M.J. at 328). However, when an appellant intentionally waives a known right at trial, it is extinguished and may not be raised on appeal. *United States v. Gladue*, 67 M.J. 311, 313 (C.A.A.F. 2009).

At trial, the Government offered the two statements during its presentencing case. (R. at 226.) The defense objected to admission of the two statements. (*Id.*)[3] The Government argued that Appellant had agreed in the pretrial agreement not to object, and that the evidence was proper aggravation under R.C.M.[4] 1001(b)(4). (R. at 227-28.) Paragraph 25 of the pretrial agreement reads, "I agree not to object to evidence or testimony being presented in aggravation regarding my prior acts similar to those I am pleading guilty to." (Prosecution Ex. IX at 10.) The military judge declared that the evidence was not proper aggravation, but that the pretrial agreement did seem to contemplate admission of such evidence, and asked the Government about its next move, whereupon the Government requested a recess. (R. at 230-31.)

After an overnight recess, the Government renewed its quest to enter the two exhibits into evidence. (R. at 235, 236.) The defense did not object, "per the pretrial agreement." (R. at 235, 237, 238.) However, the defense did urge the military judge to "review its admissibility under the rules," and not to consider improper evidence. (R. at 235, 236.) In response, the military judge admitted both exhibits "without objection" (R. at 235, 238), but stated that "the court will

---

[3] Counsel actually objected to "Exhibits 3 and 4" but it is clear from the context that Exhibits 4 and 5 were intended.
[4] Rule for Courts-Martial, Manual for Courts-Martial, United States (2012 ed.)

consider only evidence that's proper pursuant to Rule 1001" (R. at 236). Later, during the Government's closing argument, the military judge reiterated "that I will only consider what is appropriate for purposes of R.C.M. 1001(b)(4), including matters that are directly relating to or resulting from the offenses of which the accused has been found guilty." (R. at 338.)

Generally, a military judge's ruling admitting evidence is not error where there has been no objection, subject to plain error analysis. *See* M.R.E.[5] 103. As noted above, after initially objecting, the defense reconsidered and withdrew its objection "per the pretrial agreement." We hold that, in doing so, Appellant affirmatively waived objection to admission of the two exhibits. Hence plain error analysis is not warranted, in accordance with *Gladue*. We find no error in the military judge's decision to admit Prosecution Exhibits 4 and 5.

Even if we tested for plain error, any error was harmless. The military judge indicated that he would not consider matters that were not proper aggravation. It appears that during the recess the defense may have concluded that the pretrial agreement prohibited objection to admission of Prosecution Exhibits 4 and 5, and sought to preserve the advantages of the pretrial agreement by refraining from objecting. The defense's initial challenge to admissibility likely drew the military judge's attention to the issue, and ultimately the defense secured his assurance that he would not consider matters that did not properly fall within R.C.M. 1001(b)(4). Thus, without formally objecting, the defense obtained the desired effect, even though the evidence was admitted. Hence there was no prejudice. Yet now Appellant asks us to overturn the result.[6] We are not persuaded to do so.

The evidence was not materially prejudicial for another reason. Although the two exhibits contain information not otherwise revealed during the trial, they add only in some degree to what was already stipulated in the record: that Appellant had exhibited behaviors in the past similar to the offenses with which he was charged, specifically at Station Hobucken and Station Fort Macon.[7]

---

[5] Military Rule of Evidence , Manual for Courts-Martial, United States (2012 ed.)
[6] We refrain from considering whether, by raising this assignment of error, the defense is now breaching the pretrial agreement.
[7] At least some of these past behaviors were part of the factual basis of the false official statement specification.

Appellant claims that he was prejudiced because he "was not informed that [paragraph 25 of the pretrial agreement] would permit allegations of misconduct not otherwise included in the record and gave him no opportunity to rebut such evidence." (Assignment of Errors and Brief at 8.) This claim ignores the plain language of paragraph 25 ("I agree not to object to evidence or testimony being presented in aggravation regarding my prior acts similar to those I am pleading guilty to") as well as the obvious opportunity for rebuttal afforded in the normal course of the defense presentencing case.

We reject the first issue.

**Unreasonable multiplication of charges**

We note that the military judge merged for sentencing purposes several specifications on account of unreasonable multiplication of charges. (R. at 50-51; see also R. at 340.) Specifications relating to one victim for maltreatment, battery, and indecent language were merged for sentencing. Specifications relating to a second victim for maltreatment, battery, and assault were merged for sentencing. Specifications relating to a third victim for maltreatment and indecent language were merged for sentencing. Each of the maltreatment specifications included all the specifics of words and actions from the other specification(s) with which it was merged.

A Court of Criminal Appeals may decline to approve what it finds to be an unreasonable multiplication of charges. *United States v. Quiroz*, 55 M.J. 334, 339 (C.A.A.F. 2001). Applying *Quiroz*, we find that for each victim, the separate charges are not aimed at distinctly separate criminal acts; they serve only to exaggerate Appellant's criminality. We will dismiss the assault, battery, and indecent language specifications[8], leaving only the maltreatment specifications. Since the military judge merged them for sentencing purposes, we are certain the dismissals would have made no difference to the sentence.

---

[8] It might be questioned whether the pleas to the indecent language specifications, which essentially charged Appellant with suggesting that the recipients of the communications have sex with him, were provident. Words suggesting intercourse between consenting adults, even adulterous intercourse, are not intrinsically indecent. *United States v. Coleman*, 48 M.J. 420, 423 (C.A.A.F. 1998).

## Severity of sentence

Appellant urges this Court to disapprove the bad-conduct discharge because it is unwarranted in view of the severity of the offenses as well as his positive contributions to the Coast Guard over a twenty-four-year career. We do not view the sentence as inappropriate. Maltreatment of three subordinates was significant in scope, duration and impact; disapproval of the bad-conduct discharge would be an act of clemency, in our view. Clemency is not within our remit. *United States v. Healy*, 26 M.J. 394, 395-96 (C.M.A. 1988); *United States v. Espinoza*, 27 M.J. 551, 552 (C.G.C.M.R. 1988).

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings of guilty of the following are set aside: Charge I Specification 1, Charge IV and its specification, Charge VI and its specifications, and Charge VII and its specifications; those specifications and Charges IV, VI and VII are dismissed. The remaining findings and the sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the remaining findings of guilty and the sentence, as approved below, are affirmed.

Judges GILL and CLEMENS concur.



For the Court,


DuJuan E. Brown
Clerk of the Court