UNITED STATES, Appellee,

v.

Private (E–1) Richard L. KINNEY, 560–17–7436, United States Army, Appellant.

CM 447921.

U.S. Army Court of Military Review.

28 July 1986.

For Appellant: Major Edwin D. Selby, JAGC, Major Joel D. Miller, JAGC, Captain Scott A. Hancock, JAGC (on brief).

For Appellee: Colonel James Kucera, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Captain Jan M. Wamsted, JAGC, Major Byron J. Braun, JAGC (on brief).

Before O'ROARK, RABY and CARMICHAEL, Appellate Military Judges.

## OPINION OF THE COURT

CARMICHAEL, Judge:

The confinement portion of appellant's sentence was for a term of four years and seven months. Pursuant to the terms of a pretrial agreement, the convening authority approved the sentence and ordered it executed, but suspended for a period of 36 months the execution of that portion of the confinement exceeding 36 months.

Appellant asserts that the convening authority erred to his substantial prejudice by acting to suspend a portion of his confinement for a period longer than two years. Although mindful that this court recently held that a general court-martial sentence cannot be suspended for more than two years, we nevertheless disagree with appellant's assertion.

■ In the case at bar, on October 25, 1985, the convening authority approved appellant's sentence and provided that it "will be executed." Also, pursuant to the terms of a pretrial agreement, the convening authority expressly stated in his action that "the execution of that part of the sentence adjudging confinement in excess of 36 months is suspended until 24 October 1988." Since the date of a court-martial promulgating order is the date that the convening authority takes his initial action, the period of suspension in this case is calculated from October 25, 1985.[1] Based on these facts, we are persuaded that the convening authority could lawfully order the accused's sentence to confinement executed[2] while simultaneously suspending a portion of that confinement for more than two years. Moreover, we believe that such action by convening authorities has been authorized by the Secretary of the Army through lawful regulation.

Rule for Courts-Martial [hereinafter cited as Rule or RCM] 1108(d) provides in pertinent part that "[s]uspension shall be for a stated period or until the occurrence of an anticipated future event. The period shall not be unreasonably long. The Secretary concerned may further limit by regulations the period for which the execution of a sentence may be suspended." Pursuant to the foregoing Rule, the Secretary of the Army has promulgated regulatory guidance which provides that "[n]o sentence

---

1. Appellant's sentence was adjudged on August 8, 1985.

2. A convening authority's power to order the execution of parts of a court-martial sentence in his initial action is governed by Article 71, Uniform Code of Military Justice, 10 U.S.C. § 871 (1982). *See also* Rule for Courts-Martial 1113.

may be suspended beyond a reasonable period.... A reasonable period of suspension shall be calculated from the date of the order announcing the suspension and shall not extend beyond ... [t]wo years *or the period of any unexecuted portion of confinement, whichever is longer,* for a [general court-martial]" (emphasis added). Army Regulation 27–10, Legal Services: Military Justice [hereinafter cited as AR 27–10], para. 5–29*b* (4) (10 Dec. 1985).

■■■ In *United States v. Robertson,* 21 M.J. 1005 (A.C.M.R.1986), this court apparently construed paragraph 5–29 of AR 27–10 to mean that the Secretary of the Army had limited the suspension of the execution of court-martial sentences to a period not exceeding two years. The court went on to hold that the Secretary's action had been a "valid exercise of the President's power to prescribe maximum limits for court-martial punishments" (citations omitted). *United States v. Robertson,* 21 M.J. at 1006. While we agree with this latter holding in *Robertson,* we decline to follow that cases's construction of paragraph 5–29, AR 27–10, as imposing a strict two-year outer limit on the suspension of sentences. We believe that with respect to general courts-martial, it is clear from the cited regulatory text that the Secretary of the Army intended to give convening authorities the power

to suspend certain general court-martial sentences for a calculable period in excess of two years. Further, we believe that the Secretary, by allowing convening authorities the leeway to make a reasonable correlation between the severity of confinement and the length of time that a general court-martial sentence may be suspended, has engaged both in a valid exercise of statutory and delegated presidential power.[3]

■■■ In applying the regulatory provisions of paragraph 5–29*b* (4), AR 27–10, to the facts of the instant case, we believe that the phrase "will be executed" in the convening authority's initial action serves to initiate execution of the sentence within the meaning of Article 71(d), Uniform Code of Military Justice [hereinafter cited as UCMJ], 10 U.S.C. § 871(d) (1982), but that actual execution of an approved sentence to confinement occurs only upon the completion of time served by a prisoner.[4] Relating this specifically to the confinement portion of appellant's sentence, we find that, although the sentence had been duly *ordered into execution (i.e.,* initiated), the confinement was "executed" only to the extent it actually had been *served* by appellant. Consequently, that portion of appellant's confinement that was unserved at

**3.** The President is vested with statutory power to prescribe maximum punishment limits on those offenses under the Uniform Code of Military Justice [hereinafter cited as UCMJ] for which Congress has established the permissible punishment range as being that which "a court-martial may direct." Article 56, UCMJ, 10 U.S.C. § 856 (1982). We believe this power inherently includes the authority to provide for suspension of court-martial sentences. Rule 1108(d) constitutes a carefully limited delegation of a portion of this statutory power, pursuant to Article 140, UCMJ, 10 U.S.C. § 940 (1982). *See United States v. Woods,* 21 M.J. 856, 869 (A.C.M.R.1986) (Article 140 delegations currently are to be found within the Manual for Courts-Martial). Certainly any such delegation of power, expressly promulgated in the Manual for Courts-Martial, is presumed to be lawful, and will withstand any legal challenge unless "such delegation of authority" subsequently is found "to be inconsistent with Congressional statutes." *United States v. Woods,* 21 M.J. at 870. Title 10, U.S.C. § 953 (1982) expressly provides that:

For offenders who were at the time of commission of their offenses subject to his authority, and who merit such action, the Secretary concerned shall establish—

(1) a system for the remission or *suspension* of the *unexecuted* part of the sentences of selected offenders.... (Emphasis added.)

Thus, it is apparent that the delegation contained in RCM 1108(d) is consistent (expressly and impliedly) with Congressional statutes, and is therefor lawful. *United States v. Woods,* 21 M.J. at 870. Moreover, the suspension limitations in paragraph 5–29, AR 27–10 are not only in implementation of the authority in RCM 1108(d), but also in direct implementation of the statutory power legitimately conferred upon the Secretary by title 10, U.S.C. § 953(1) (1982).

**4.** We also note that the period of confinement included in a court-martial sentence *begins to run* from the date adjudged, excluding in the computation any periods of suspension or deferment. Article 57(b), UCMJ, 10 U.S.C. § 857(b) (1982). *See* n. 2, *supra.*

the time of the convening authority's action remained to be served, or "executed," in the future.[5] This unexecuted period of confinement therefore may be legitimately included in the calculation of the maximum period of suspension permissible under the regulatory formula.[6] *See United States v. Snodgrass*, 22 M.J. 866, 869 (A.C.M.R.1986).

▇▇▇▇ Based on the attendant facts, we find that the suspension for 36 months of the execution of appellant's confinement exceeding 36 months was for a "stated period" that was not "unreasonably long" *per se*, thus meeting the requirements of RCM 1108(d). We further find that the duration of the suspension met the definition of "reasonable" under the secretarial limitations set forth in paragraph 5–29*b* (4) of AR 27–10. While readily conceding that the paragraph is inartfully drafted, we construe it as allowing a general court-martial sentence to be suspended for a period up to two years, or for a period not exceeding the unserved portion of the *approved* confinement, if the latter period is longer than two years.[7] In doing so, we have adopted the construction of paragraph 5–29 which we believe not only accurately reflects the drafters' intent, but also gives meaning to every word and phrase in that portion of the paragraph that is at issue.[8] Accordingly, we find this assignment of error to be without merit.

▇▇▇▇ Appellant also contends that Specifications 1 through 8 of Charge III, alleging forgeries of checks on different dates, are multiplicious for findings with Specification 1 of Charge II, alleging larceny of $323.45, *i.e.*, the total amount of the currency obtained by presentment of the forged checks. We agree, *see United States v. Allen*, 16 M.J. 395, 396 (C.M.A. 1983), and will consolidate the single larceny offense with the multiple forgeries, since we believe that the specifications setting forth the latter offenses accurately describe the gravamen of appellant's misconduct. However, we are satisfied that appellant suffered no prejudice as the military judge found these offenses multiplicious for sentencing purposes.

The remaining assignment of error is without merit.

Specification 1 of Charge II is consolidated with Specifications 1 through 8 of Charge III by inserting in the latter eight specifications after the words "legal harm of another", the words "and that the ac-

**5.** If we interpreted confinement as becoming automatically and completely executed merely upon its being ordered into execution, such a construction would substantially terminate the *clemency* power of the Secretary to suspend or remit service members' unexecuted sentences under Article 74, UCMJ, 10 U.S.C. § 874 as well as under 10 U.S.C. § 953 (1982). *See generally,* Senate Report No. 486, 81st Congress, 1st Session, Establishing a Uniform Code of Military Justice, 31 (1949). We believe that Congress did not intend to deprive the Secretary of such authority merely because the sentence previously was approved and ordered into execution.

**6.** While noting that the convening authority acted to suspend execution of that part of appellant's sentence adjudging confinement in excess of 36 months, we nevertheless find that the *unexecuted* portion of confinement exceeded 52 months when the convening authority took his initial action. In calculating "the period of any unexecuted portion of confinement" in the instant case, we do not believe that the regulatory formula set out in AR 27–10 excludes the 36 month period beyond which the total period of

appellant's adjudged confinement was suspended. *See United States v. Snodgrass*, 22 M.J. at 869 (A.C.M.R.1986).

**7.** "It is a fundamental principle that in the construction of statutes and departmental regulations, 'the whole and every part thereof must be considered in the determining of the meaning of any of its integral parts'" (citation omitted). *United States v. Gregory*, 21 M.J. 952, 957 (A.C. M.R.1986), *certif. for review filed on other grounds,* 22 M.J. 177 (C.M.A.1986), *citing, United States v. Voorhees*, 16 C.M.R. 83, 102 (C.M.A. 1954) (a regulation should not be construed so as to render a related portion ineffectual, and when alternative interpretations are possible the interpretation adopted should be the one which gives effect to the writing's purpose).

**8.** However, in view of the differing interpretations of paragraph 5–29*b* (4) by this court in the instant case and *United States v. Robertson*, 21 M.J. 1005, it is suggested that the drafters of AR 27–10 revise this paragraph for the purpose of clarifying it.

cused did on said date and at said place thereby steal United States currency of a value of", and by further inserting after these words the following figures: in Specification 1 of Charge III the figure "$23.45"; in Specification 2 of Charge III the figure "$40.00"; in Specifications 3, 5, and 6 of Charge III the figure "$45.00"; in Specification 4 of Charge III the figure "$55.00"; in Specification 7 of Charge III the figure "$20.00"; and in Specification 8 of Charge III the figure "$50.00". Following these figures in each of the eight specifications should be the additional words, "the property of the Army and Air Force Exchange Service."

The findings of guilty of Specifications 1 through 8 of Charge III, as amended, and Charge III are affirmed. The finding of guilty of Specification 1 of Charge II is set aside and that specification is dismissed.[9] The remaining findings of guilty are affirmed. Only so much of the sentence as provides for a dishonorable discharge, confinement for four years and seven months, and forfeiture of all pay and allowances, is affirmed.[10, 11]

Chief Judge O'ROARK and Senior Judge RABY concur.

---

**9.** Because we find as fact that appellant is guilty of Specification 1 of Charge II, this specification can be revived in the discretion of higher appellate authority in accordance with the conditions set forth in *United States v. Williamson,* 19 M.J. 617 (A.C.M.R.1984), *pet. denied,* 21 M.J. 24 (C.M.A.1985).

**10.** Since appellant was in the grade of Private E-1 at the time of trial, that portion of his sentence purporting to reduce him was of no effect.

**11.** It is the responsibility of both trial and defense counsel to assure that stipulations of fact are accurate and comprehensive. In the instant case, the stipulation of fact in several places refers to the "accused and Private Kinney." This is an obvious error since Private E-1 Kinney was the accused. While of no consequence in this case, typographical errors like these have the potential to create significant ambiguities and possible substantive error in a different set of circumstances. It is counsel's responsibility *before* the start of a trial to find and correct these kinds of errors.