OPINION OF THE COURT
GONZALES, Judge:
Pursuant to his pleas, the appellant was found guilty, by a military judge sitting as a general court-martial, of carnal knowledge, sodomy, and indecent acts with his 13-year-old step-daughter in violation of Articles 120, 125, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 925, and 934 (1988) [hereinafter UCMJ]. The appellant was sentenced to a bad-conduct discharge, confinement for thirteen years, and reduction to Private El. Cognizant of the terms of appellant’s pretrial agreement,[1] the convening authority suspended that part of the appellant’s adjudged confinement in excess of eight years “for a period of five years following his release from confinement,” but otherwise approved the sentence as adjudged.[2]
*897 Before this court, the appellant asserts, inter alia, that the action contradicts an “implicit” term of the pretrial agreement by expressly stating that the suspension period of the appellant’s adjudged confinement in excess of eight years would begin to run “following his release from confinement.” He contends that the suspension period should begin on the date of the convening authority’s action. We disagree and affirm.
The convening authority and the accused may enter into a pretrial agreement where both parties agree that the beginning date of the period suspending any approved confinement will be the date of the accused’s release from confinement. United States v. Cabbie, 38 M.J. 654, 655 (A.C.M.R.1993). However, when the parties fail to agree when the period of suspension will begin, the beginning date will be “the date of the order announcing the suspension,” meaning the date of the action. United States v. Kinney, 22 M.J. 872, 874-75 (A.C.M.R.1986); Rule for Courts-Martial 1108(d); Army Regulation 27-10, Legal Services: Military Justice, para. 5-29b (16 Jan. 1989) [hereinafter AR 27-10].
The issue in this case arose when the staff judge advocate recommended to the convening authority, pursuant to the pretrial agreement, that he “approve the sentence as adjudged but suspend, for a period of five years after release from confinement, all confinement in excess of eight years.”[3] The agreement provided that the suspension of any adjudged confinement in excess of eight years would be “for a period equal to any unexecuted portion of confinement (that portion of approved confinement unserved as of the date of the action).” [4] This language was taken from paragraph 5-29b(4), AR 27-10. We have interpreted this regulatory provision to mean that the maximum period of suspension the convening authority can approve is limited to the unserved period of approved confinement as of the date of the action. United States v. Wendlandt, 39 M.J. 810, 812 (A.C.M.R.1994); United States v. Snodgrass, 22 M.J. 866, 869 (A.C.M.R.1986); review denied, 24 M.J. 234 (C.M.A.1987). Thus, in the instant ease, when the convening authority took action and approved the adjudged sentence that included confinement for thirteen years, the appellant already had served three months of incarceration. The unserved period of approved confinement as of the date of the action was twelve years and nine months. Therefore, pursuant to paragraph 5-29b(4), AR 27-10, the convening authority could have suspended that part of the adjudged confinement in excess of eight years for a maximum period of twelve years and nine months from the date of his action. Instead, he followed the recommendation of his staff judge advocate and reduced the suspension period to five years from the date the appellant was released from confinement.[5]
*898 Although the pretrial agreement did not express a date or event when the suspension would begin, we find that when the parties adopted the language from paragraph 5-29b(4) of AR 27-10, they intended for the suspension period to be limited to what proved to be twelve years and nine months as of the date of the action. We further find that the action suspending the adjudged confinement in excess of eight years “for a period of five years following his release from confinement” is within the limits of, and in fact more favorable to the appellant than, the suspension terms contained in the pretrial agreement.[6] Accordingly, we hold that the convening authority’s action did not violate the terms of the pretrial agreement.[7]
Even though we have held that this action is permissible, we do not believe it is wise or in the best interests of the Army, when an accused’s adjudged discharge is approved, for convening authorities to also approve a suspension of a period of approved confinement that would begin “following his release from confinement.” In the case where a discharge is approved, such suspension language is nugatory. When a person is released from confinement with an approved discharge, he severs his association with the Army. His status is entirely different from that of a parolee who continues to be subject to the Army’s control for a period of time after his conditional release on parole from confinement. It is highly unlikely that the Army would ever learn that a discharged soldier had committed an offense after his release from confinement that could warrant vacation of the suspended sentence. Even if the Army became aware of an individual’s subsequent misconduct, there is little, if any, interest for the Army to return the individual to prison. There also is a serious question whether the Army has jurisdiction over such an individual to effect his return to confinement. The best practice for staff judge advocates and convening authorities to follow when agreeing to a suspension of a period of confinement in conjunction with an approved discharge, is to order the suspension to coincide with the individual’s serving of the unsuspended portion of confinement.
We also have considered the remaining assignments of error, including the one personally raised by the appellant pursuant to United States v. Grostefon, 12 M.J. 431 (C.M.A.1982), and hold that none warrant relief.
*899 The findings of guilty and the sentence are affirmed.
Senior Judge CREAN and Judge MORGAN concur.

. The quantum portion of the pretrial agreement stated:
To suspend any confinement adjudged in excess of 8 years, for a period equal to any unexecuted portion of confinement (that portion of approved confinement unserved as of the date of the action). That unless sooner vacated, the suspended portion of the sentence will be remitted at the end of the suspension period, without further action. That the suspended portion of the sentence may be vacated by the appropriate Convening Authority if the accused commits any military or civil offense and a punitive discharge would be authorized for the same or a closely related offense under the Manual for Courts-Martial.

. The action stated:
[T]he sentence is approved and, except for that part of the sentence extending to a bad-conduct discharge, will be executed, but the execution of that part of the sentence adjudging confinement in excess of eight years is suspended for a period of five years following his release from confinement, at which time, unless the suspension is sooner vacated, the suspended part of the sentence will be remitted at the end of the suspension period, without fur *897 ther action. That the suspended portion of the sentence may be vacated by the appropriate Convening Authority if the accused commits any military or civil offense and a punitive discharge would be authorized for the same or a closely related offense under the Manual for Courts-Martial.

. There would have been no issue in this case if the pretrial agreement indicated that the duration of the suspension would be five years and the suspension would begin upon release from confinement. However, this is not what the agreement said.

. We note that the last of the three sentences that comprise the quantum portion of the pretrial agreement (see footnote 1), is language that is best associated with the case where no confinement is adjudged or approved and the convening authority suspends the execution of an approved punitive discharge.

. Neither the trial defense counsel nor the appellant objected to the staff judge advocate’s recommendation to the convening authority concerning the length and the beginning date of the suspension when they submitted their comments under Rules for Courts-Martial 1105 and 1106. We will credit both with understanding that this recommendation was more favorable to the appellant than the suspension terms contained in the pretrial agreement.
It is to the appellant's advantage and the government's disadvantage that the suspension period not begin until the appellant is discharged and released from confinement. If the suspension doesn’t start until completion of confinement, and the appellant commits an act of misconduct while confined, there is no suspended confinement to vacate. In other words, there is no suspension to hold over the appellant's head as a control and motivation measure while he is confined. Unfortunately, the appellant fails to recognize that if we were to grant the relief he is *898 requesting on appeal, it would place him in a much less favorable position than he currently enjoys.
Because of our treatment of the appellant’s assignment of error, there was no need to invoke the doctrine of waiver. United States v. Lohrman, 26 M.J. 610, 612 (A.C.M.R.), review denied, 27 M.J. 454 (C.M.A.1988); Rule for Courts-Martial 1106(f)(6).

. The action with respect to the start and the length of the period of suspension was an inartful attempt to implement the terms of the pretrial agreement. The parties were in the same restaurant, but the staff judge advocate was reading from a different menu. There would have been no issue in this case if the staff judge advocate had simply followed the suspension language in the pretrial agreement that was signed by the convening authority, the appellant, the trial defense counsel, and the chief of criminal law for the trial counsel.
The staff judge advocate’s recommendation to the convening authority should have said, "I recommend that you approve the sentence as adjudged, but suspend for a period of twelve years and nine months all confinement in excess of eight years.”
The suspension part of the action should then have read, ”[B]ut the execution of that part of the sentence adjudging confinement in excess of eight years is suspended for a period of twelve years and nine months, at which time, unless the suspension is sooner vacated,.... ”
The pretrial agreement and the action would then have been consistent with each other in expressing that the period of suspension would begin on the date of the action, continue after the appellant’s release from confinement, and end twelve years and nine months after the date of action.

. A lesson, to be taken from this case by all parties who participate in the negotiation or review of pretrial agreements is that the agreement may state the date or event when any period of suspension of confinement will begin. Otherwise, all parties must understand that paragraph 5-29b(4) of AR 27-10 requires that the suspension will begin on the date when the convening authority takes action, which in our view is the best time for a suspension to begin. See Snodgrass, 22 M.J. at 870.
Another lesson is that any ambiguity in the interpretation of pretrial agreements will be resolved in favor of the accused. United States v. Davis, 20 M.J. 903, 905 (A.C.M.R.1985).