**UNITED STATES**

v.

**James A. LEONARD, Subsistence
Specialist Second Class, U.S.
Coast Guard.**

**CGCMG 0087.
Docket No. 1039.**

U.S. Coast Guard Court of
Criminal Appeals.

9 March 1995.

Trial Counsel: LT T.K. Taira, USCGR.

Defense Counsel: LT S.P. McCleary, USCGR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR John Koeppen, USCG.

Before Panel Three BAUM, BRIDGMAN, and FEARNOW, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by general court-martial, judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of one specification of committing an indecent act on a ten year old girl by rubbing the skin in her genital area with his hand, with intent to gratify his own sexual desires, in violation of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. The military judge sentenced Appellant to a bad conduct discharge, confinement for two years, and reduction to pay grade E–3. The convening authority approved the sentence as adjudged, but suspended the confinement in excess of eighteen months for a period of four years from the date of trial, as provided for in the pretrial agreement. Appellant has assigned three errors before this Court: (1) that the period of four years suspension is unreasonably long, (2) that an unsuspended bad conduct discharge is inappropriately severe punishment, and (3) that this Court lacks jurisdiction because of civilian judges on the Court who have not been appointed in accordance with the Constitution. The last assignment has been rejected numerous times based on *United States v. Carpenter*, 37 M.J. 291 (CMA 1993), petition for cert. filed, No. 93–676 (U.S. 29 October 1993), and is rejected again for the same reason. The other assignments will be addressed.

I

SUSPENSION OF CONFINEMENT FOR A PROBATIONARY PERIOD OF FOUR YEARS

a. **Unreasonably Long Suspension Prohibited**

■ Appellant points out that Article 60(c)(2) of the Uniform Code of Military Justice (UCMJ) authorizes the convening authority to suspend a sentence in whole or in part, with no restrictions stated, but that the President, in promulgating the Manual for Courts–Martial (MCM), has set a limitation on the period of suspension in Rule for Courts–Martial (RCM) 1108(d) by stating that it "shall not be unreasonably long." Additionally, RCM 1108(d) authorizes the Secretary concerned to further limit by regulations the period for which the execution of a sentence may be suspended. For the Coast Guard, as noted by Appellant, the Secretary of Transportation's regulation in this regard is embodied in Section 5–E of the Coast Guard's Military Justice Manual, COMDTINST M5810.1C (MJM). Specifically, section 5–E1.b. states:

> The officer exercising general court-martial jurisdiction over the accused, may in addition to authority otherwise granted, suspend or remit any part or amount of the unexecuted part of a sentence, other than a sentence approved by the president. No suspension may be for an unreasonable (sic) long period. Absent unusual circumstances, the period of suspension shall normally not exceed 18 months.

Appellant contends that the four year period of suspension in this case is unreasonably long, considering that it is two and two thirds times the normal maximum suspension period of 18 months, that it covers the full period of confinement plus an additional two and a half years beyond that confinement, and that it includes probationary conditions that Appellant terms as onerous. Furthermore, Appellant says that the suspension should be deemed unreasonably long especially since no unusual circumstances were set out in the record to support extension beyond the normal maximum period of 18 months.

■ The Government responds that the MJM does not require the general court-martial convening authority to articulate or consider unusual circumstances in order to suspend a sentence for longer than 18 months; that, instead, the Secretarial regulation merely points out to convening authorities that unusual circumstances provide a

basis for extended suspension. In any event, according to the Government, a Secretarial regulation cannot purport to undermine the direct delegation by Congress to the convening authority of the sole discretion to modify a sentence. As the Government sees it, binding the convening authority to an 18 month limit on suspensions, absent a showing and consideration of unusual circumstances, is contrary to Article 60(c), UCMJ. With respect to this latter assertion by the Government, we disagree.

No cases are cited by the Government in support of its argument concerning a violation of Article 60(c) requirements and none has been found by us. There are decisions by the Army Court of Military Review, however, that implement with approval the Secretary of the Army's limitation of suspensions to certain fixed periods. *United States v. Koppen*, 39 M.J. 897 (ACMR 1994); *United States v. Kinney*, 22 M.J. 872, 875 (ACMR 1986); *United States v. Snodgrass*, 22 M.J. 866 (ACMR 1986); *United States v. Robertson*, 21 M.J. 1005 (ACMR 1986). The Government cites one of these cases, *United States v. Koppen, supra*, but distinguishes the type of limitation by the Secretary of the Army from the Coast Guard's Secretarial action, which the Government characterizes and condemns as the creation of additional matters the convening authority must consider as a threshold to determining the length of a probationary suspension. We fail to recognize the distinction seen by the Government. In our view, the Coast Guard's MJM provision, like the Army's, simply sets additional limits on the terms of suspension, as authorized by RCM 1108(d). In this regard, we adopt with approval the rationale in *United States v. Kinney, supra*, n. 3 at 22 M.J. 875.

**b. In Coast Guard, Suspensions Should Not Exceed Eighteen Months, Unless Unusual Circumstances Appear In the Record**

 As to the Government's initial assertion that the MJM does not require the

convening authority to articulate unusual circumstances in suspending a sentence beyond 18 months, we agree. If those unusual circumstances are not articulated by the officer suspending the sentence, however, they should be readily discernible from the facts of the case, or, absent that, documented on the record by the Government. Certainly, the convening authority should consider such circumstances when contemplating the length of a suspended sentence. Section 5–E1.b, MJM, sets the normal maximum suspension period for a court-martial sentence in the Coast Guard at 18 months. In order to exceed that period, there should be unusual circumstances appearing somewhere in the record. Here, neither the convening authority nor anyone else explained why the suspension was for a period of four years rather than the normal 18 months. Without reasons having been advanced, we have looked for some basis in the facts of the case.

Rather than discovering unusual circumstances from the facts that would justify a longer than normal suspension, we find just the opposite. Appellant's discharge was not suspended, only a portion of his confinement. With an approved and unsuspended discharge, appellant presumably will not be returned to duty upon completion of confinement, since the law authorizes his being sent home involuntarily on appellate leave awaiting completion of appellate review and the execution of his discharge [1]. While on appellate leave, there would be diminished interest and access to information concerning Appellant's activities and, thus, less likelihood that his conduct and behavior would be monitored by the Coast Guard. Moreover, upon execution of the discharge, after appellate review has been completed, the suspended confinement would be remitted pursuant to RCM 1108e, thereby terminating the period of probation. Under these circumstances, there appears to be little reason for the Coast Guard to continue a probationary suspension after Appellant has left the supervisory control of the military environment.

---

1. Art. 76a., UCMJ authorizes the Service Secretaries to issue regulations requiring an accused with an approved and unsuspended discharge to take leave pending completion of Appellate review. Article 12–D–2 of the Coast Guard Personnel Manual, COMDTINST M1000.6A, sets forth procedures of such leave in the Coast Guard.

If the discharge in this case had been disapproved or suspended on probation, with the expectation that Appellant would return to duty after confinement, a reason might be readily apparent for an extended period of suspension. Upon return to duty, continuation of the suspension beyond the normal eighteen months called for by Secretarial regulation could be viewed as facilitating Appellant's successful reintegration into the Coast Guard community by providing strong motivation for him to continue to meet the treatment and counseling terms of probation. Appellant, while contending that four years would still be unreasonably long even under these circumstances, seems to concede that such factors would possibly justify a longer probationary period when he says: "[i]f the bad-conduct discharge were disapproved or suspended ... the various concerns involved in determining an appropriate period of suspension may make a somewhat longer period of suspension appropriate...." n. 1, p. 4 Appellant's brief.

Here, however, the bad conduct discharge was approved without suspension and the four years probation for the suspended portion of confinement could continue for two and a half years after release from incarceration and presumed return to the civilian community, assuming the bad conduct discharge was not sooner executed. Given these facts, the unusual circumstances necessary as justification for extending the period of suspension beyond 18 months are simply not apparent from the particulars of this case. Accordingly, without justification having been set out in the record or appearing from the details of the case, the probationary period should be reduced to the 18 month normal suspension called for in MJM, section 5–E1.b, unless there is some other reason to allow the four year suspension to stand.

**c. Absent Plain Error, Suspension Period Exceeding Eighteen Months Is Waived When Included In Plea Bargain and Not Objected to at Trial**

 The Government proffers another reason in support of the probationary term, arguing that Appellant affirmatively waived any objection to the length of the suspension by entering into a pretrial agreement which called for a four year period of probation. The Government says that Appellant took such action knowingly, intelligently, and voluntarily, with assistance of counsel, and that, absent plain error, he should not now be heard to object. We also note that no objection to the period of suspension was raised by Appellant and his counsel when the judge covered that aspect of the plea bargain at trial as part of the interpretation and explanation of the agreement she was required by RCM 910(f) to give the accused. The Government is, therefore, correct that, unless the requirement in the agreement for a four year suspension of confinement constitutes plain error, the issue will be deemed waived pursuant to RCM 801(g) and 905(e).

The Government, citing *United States v. Olano,* —— U.S. ——, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), and *United States v. Toro,* 37 M.J. 313 (CMA 1993), says that plain error is an obvious error that affects substantial rights of an accused. Applying that test, the Government submits that the period of suspension is not so obviously unreasonable that it affects a substantial right of Appellant. In assessing that contention, we look first to RCM 705 to see what, if anything, the MCM says about plea agreement provisions of this nature. Certainly, if that rule prohibits their inclusion in plea bargains, then such a provision might necessarily constitute plain error, since RCM 705(c)(1)(B) generally prohibits agreement terms that deprive an accused of basic and substantial rights. Rather than prohibiting agreement provisions relating to probationary suspensions of sentences, RCM 707(c)(2)(D) expressly permits such provisions. The rule does not say anything about the length of suspensions, however. This leaves us where we started, with regulations that say the period of suspension should not be unreasonably long, which, in the Coast Guard, is normally not more than eighteen months, unless there are unusual circumstances. Given this state of affairs, we will determine whether there has been plain error based on our evaluation of the egregiousness of the period of suspension.

The period of suspension commenced when sentence was adjudged, as did the confine-

ment. All confinement in excess of 18 months was suspended so that a four year suspension continues for the period of unsuspended confinement plus an additional two and a half years. During that period Appellant presumably will be returned home where the terms of his probation will be unsupervised by the Coast Guard. While we do not see the particular need or interest to the Coast Guard of a probationary suspension at that point when the Appellant is no longer confined or returned to duty, we cannot say that the four year period alone is so egregious that it constitutes plain error.

Appellant contends that it is not just the length of the suspension alone that should prompt its reduction, but the additional factor of "onerous conditions on suspension that were imposed in the pretrial agreement (counseling/sex offender treatment, prohibition on contact with minors)." Appellant's brief p. 3. In that regard, the plea bargain does call for compliance with requirements prescribed or ordered for the diagnosis or treatment of disorders or conditions contributing to the offense and prohibits Appellant's contact with children under eighteen, outside of his immediate family, unless supervised by other persons. Another provision forbids any contact whatsoever with the victim without permission of both her parents and requires any attempts to contact her or her family to be made through the Maintenance and Logistics Command's Legal Division. While details and possible questions concerning these provisions were not fully probed during the judge's colloquy with Appellant and Counsel, no objection to these provisions were raised at trial and they have not been challenged here except in terms of contributing to the asserted unreasonableness of the four year suspension. Although the utility of these provisions during the extended period of suspension is doubtful, we do not see them as onerous. They do not transform the suspension into something that constitutes plain error. Accordingly, we deem the error in suspending the confinement for a period not in compliance with the military justice manual to have been waived by the Appellant.

## II

## THAT AN UNSUSPENDED BAD CONDUCT DISCHARGE IS AN INAPPROPRIATELY SEVERE PUNISHMENT IN THIS CASE

■ Appellant contends that an unsuspended punitive discharge is inappropriately severe for him and the offense of which he was convicted. In support of this contention, Appellant points to the evidence submitted in extenuation and mitigation, which he says paints a clear picture of an excellent performer who seems to have favorably impressed everyone with whom he worked, including, among others, the former Superintendent of the Coast Guard Academy, who wrote a letter in Appellant's behalf, and the current Commander of the Maintenance and Logistics Command Pacific, who testified about Appellant's excellent duty performance and personal qualities and indicated that the offense was "so far out of character for the man I think I know that I found it difficult to believe." R. at 72–78. Appellant also cites testimony from the wife of a Coast Guard petty officer who also indicated that she believed the act to be completely out of character and that she would permit Appellant to be with her children, despite his offense. In further support of this proposition, Appellant notes a submission by the counselor who worked with him between the time of the offense and the trial expressing an opinion that Appellant does not have the characteristics of pedophilia, and is not likely to molest any child in the future.

■ Appellant asserts that Coast Guard policy encourages the retention and rehabilitation of abusers if possible. Given this policy, together with Appellant's superior performance for approximately nine years, the purported one-time nature of the offense, and Appellant's full acceptance of responsibility for the offense, he says an unsuspended bad conduct discharge is inappropriately severe. While Appellant argues that these factors should cause us to see the discharge as inappropriate, we view them as bearing more on clemency rather than sentence appropriate-

ness. As we have noted before, there is a distinct difference between these two concepts. The latter is within our realm, but the former is an act of leniency outside the scope of our judicial review. *United States v. Santos,* 29 M.J. 1064 (CGCMR 1990); *United States v. Hardin,* 29 M.J. 801 (CGCMR 1989); *Garcia v. United States,* 28 M.J. 917 (CGCMR 1989); *United States v. Espinoza,* 27 M.J. 551 (CGCMR 1988). Despite the favorable matters presented in Appellant's behalf, we are unable to say that an unsuspended punitive discharge is inappropriately severe for this offense and this accused. Accordingly, Appellant's assignment of error is rejected.

III

CONCLUSION

The findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Judges BRIDGMAN and FEARNOW concur.