UNITED STATES

v.

**Keith A. MERRITTE, Health Services Technician Third Class, U.S. Coast Guard CGCMG 0089.**

Docket No. 1042.

U.S. Coast Guard Court of Criminal Appeals.

21 March 1995.

Trial Counsel: LT T.K. Taira, USCGR.

Defense Counsel: LT S.P. McCleary, USCGR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR Charles J. Bennardini, USCG.

Before Panel Six, BAUM, BRIDGMAN, and O'HARA, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by general court-martial judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: one specification of wrongful possession of methamphetamine; one specification of wrongful introduction onto a military installation of methamphetamine with the intent to distribute; two specifications of wrongful distribution of methamphetamine; two specifications of wrongful introduction onto a military installation of lysergic acid diethylamide with the intent to distribute; and two specifications of wrongful distribution of lysergic acid diethylamide, all in violation of Article 112a, Uniform Code of Military Justice, 10 U.S.C. 912a. The military judge sentenced Appellant to a bad conduct discharge, confinement for forty months, forfeiture of $555 pay per month, and reduction to E-1. The convening authority approved the sentence as adjudged, but suspended the confinement in excess of 24 months for a period of 48 months from the date of trial, as provided for in the pretrial agreement. Appellant has assigned two errors before this Court: (1) that the period of suspension is unreasonably long, and (2) that this Court lacks jurisdiction because of civilian judges on the Court who have not been appointed in accordance with the Constitution. The second assignment has been rejected numerous times based on *United States v. Carpenter,* 37 M.J. 291 (CMA 1993), petition for cert. filed, No. 93–676 (U.S. 29 October 1993), and is rejected again for the same reason.

The first assignment is the same as that addressed in the recent case of *United States v. Leonard,* 41 M.J. 900 (C.G.Ct.Crim.App. 1995). Here, as in *Leonard,* no explanation was given by the convening authority for a suspension exceeding the normal 18 months limitation set forth in Section 5–E of the Coast Guard Military Justice Manual, nor do unusual circumstances that would justify such an extended period of suspension appear elsewhere in the record. Just as in *Leonard,* Appellant agreed to the suspension period in a pretrial agreement and raised no objection to this period of probation at trial. For the same reasons found in *Leonard,* we find that the Appellant has waived the error.

We have reviewed this record in accordance with Article 66, Uniform Code of Military Justice. Upon such review, the findings

and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judge BRIDGMAN concurs.

O'HARA, Judge (concurring in the result):

While I agree that the Court should affirm in this case, I do not believe that an accused can waive valid Secretarial restrictions under Rule for Courts–Martial (RCM) 705[1] and RCM 1108[2] concerning pretrial agreements and the suspension of sentences, respectively. An accused cannot empower a convening authority through waiver what the Secretary has withheld. Where a convening authority's action violates a proper Secretarial stricture, that act is *ultra vires* and cannot be sanctioned by this Court.

As recognized in *United States v. Leonard,* 41 M.J. 900 (C.G.Ct.Crim.App.1995), RCM 1108(d) authorizes the Secretary concerned to further limit by regulations the period for which the execution of a sentence may be suspended. For the Coast Guard, the Secretary of Transportation's regulation is the Military Justice Manual 5–E–1(b) (COMDTINST M5810.1C) [MJM] which states:

> The officer exercising general court-martial jurisdiction over the accused, may in addition to authority otherwise granted, suspend or remit any part or amount of the unexecuted part of a sentence, other than a sentence approved by the president. No suspension may be for an unreasonable [sic] long period. *Absent unusual circumstances, the period of suspension shall normally not exceed 18 months.* [Emphasis added.[3]]

The regulation does not elaborate further on what the Secretary considered were "unusual circumstances." In the absence of further direction, it is left to this Court to give meaning to this provision, so it does not amount to hollow words.

Merely because convening authorities or even accuseds say that unusual circumstances were involved does not necessarily make it so. However, if they were to clearly articulate somewhere in the record why they believed there were unusual circumstances involved, this Court would at least be secure in the knowledge that we had all the facts before us justifying the decision, rather than trying to divine something out of a silent record. In most cases, I would consider the lack of any effort to place unusual circumstances on the record as prima facie evidence that there were not any.

Here and in *Leonard,* however, the unusual circumstances are readily apparent. It is generally recognized in certain cases that a defendant may benefit from some treatment and rehabilitation, and suspending a portion of a defendant's sentence as an incentive to continue with needed treatment or rehabilitation is a very helpful tool. Treatment and rehabilitation can play important roles in cases involving spouse/child or substance abuse.[4] Where a lengthy probationary period will aid in these efforts that is sufficient "unusual circumstances" to deviate from the 18–month limit for suspension.

In the present case, the defense's argument during the sentencing portion of the trial was that the defendant's involvement in the crimes to which he had pled guilty were the result of his drug addiction. R. 66–67.

---

1. RCM 705(a) provides that: *"Subject to such limitations as the Secretary concerned may prescribe,* an accused and the convening authority may enter into a pretrial agreement in accordance with this rule." (Emphasis added.)

2. RCM 1108(d) provides in part that: *"The Secretary concerned may further limit by regulations* the period for which the execution of a sentence may be suspended." (Emphasis added.)

3. The Court in Leonard found that this provision of the MJM was a Secretarial limit under RCM

1108(d). Therefore, there is no room for the argument that the 18–month restriction is merely for management purposes or guidance. See *United States v. McGraner,* 13 M.J. 408 (CMA 1982); *United States v. Harrell,* 5 M.J. 604 (NCMR 1978).

4. See generally COMDTINST 1750.7A (Family Advocacy Program) and the Personnel Manual chap. 20 (COMDTINST M1000.6A) (Drug and Alcohol Abuse Program).

The military judge, upon sentencing the defendant, went on to state in part:

> Your counsel says you're a drug addict. I'm sorry to hear that. You have a tough road ahead to overcome that. I hope you'll make progress on that in confinement, but you're right, you can't finish that job in confinement. You can only lay the groundwork. Nevertheless, I find confinement appropriate. I believe confinement will contribute your rehabilitation and will serve the other proper purposes of a sentence, including deterrence of others as well as yourself. I've recommended suspension of part of the confinement because I believe once you're released from confinement it will help your rehabilitation to know that returning to illegal drugs carries the immediate risk of returning to confinement.

R. 68–69. Under the circumstances, the suspension complies with the MJM and should be affirmed for that reason.