**UNITED STATES**

v.

**Jeffrey M. BERNIER, Seaman,
U.S. Coast Guard.**

**CGCMG 0088.
Docket No. 1041.**

U.S. Coast Guard Court of
Criminal Appeals.

22 March 1995.

Trial Counsel: LT Robert B. Birthisel, USCG.

Assistant Trial Counsel: LT Duane R. Smith, USCG.

Civilian Defense Counsel: Greg D. McCormack.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR John F. Koeppen, USCG.

Before Panel Five, BAUM, FEARNOW, and WIESE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by general court-martial, judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of one specification of wrongful use of heroin in January 1994, and one specification of wrongful use of cocaine on diverse occasions in January 1994, in violation of Article 112a of the Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. § 912a, and one specification of fraudulent enlistment in 1990 by means of knowingly false representations that he had not used cocaine, in violation of Article 83, UCMJ. On 1 June 1994, the military judge sentenced Appellant to a dishonorable discharge, confinement for ten months, and reduction to E–1. On 29 August 1994, the convening authority mitigated the dishonorable discharge to a bad conduct discharge, approved the remainder of the sentence as adjudged, and suspended, for 24 months from the date of trial, all confinement in excess of that remaining on the date of the action.

Before this Court, Appellant has assigned two errors: (1) that the staff judge advocate's post-trial recommendation prejudicially misstates the heroin specification guilty finding as use of heroin "on diverse occasions", when, in fact, the words "on diverse occasions" had been deleted from the specification, and (2) that this Court lacks jurisdiction because of civilian judges on the Court who have not been appointed in accordance with the Constitution. The second assignment has been rejected numerous times based on *United States v. Carpenter*, 37 M.J. 291 (CMA 1993), petition for cert. filed, No. 93–676 (U.S. 29 October 1993), and is rejected again for the same reason.

## I
### Error In The Staff Judge Advocate's Recommendation

■ In his first assignment, Appellant says the staff judge advocate's misstatement of a guilty finding constitutes plain error prejudicial to his substantial rights, and requires corrective action. In response, the Government acknowledges the erroneous description of one guilty finding in an enclosure to the staff judge advocate's recommendation, but, citing *United States v. Olano*, —— U.S. ——, ——, —————, 113 S.Ct. 1770, 1773, 1777–1778, 123 L.Ed.2d 508 (1993), and *United States v. Toro*, 37 M.J. 313, 316 (CMA 1993), contends that there had been no plain or obvious error affecting a substantial right or the outcome of the proceeding and that the issue has been waived by defense counsel's failure to object to this discrepancy in his response to the staff judge advocate's recommendation. In reaching this conclusion, the Government argues that the erroneous characterization of guilt to heroin use on diverse occasions in the enclosure to the staff judge advocate's recommendation was not obvious because the offense was accurately described in two other places. We disagree with this analysis. The error was in writing in a document that the convening authority had to read in order to understand the results of trial. We believe the error was clear and obvious.

Obviousness, of course, is not the sole test for plain error. As Judge Cox said in *United States v. Fisher*, 21 M.J. 327, 328 (CMA 1986):

In order to constitute plain error, the error must not only be both obvious and substantial, it must also have 'had an unfair prejudicial impact on the jury's deliberations.' Id., [*United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)] n. 14. The plain error doctrine is invoked to rectify those errors that "seriously affect the fairness, integrity or public reputation of judicial proceedings," *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936).

In *United States v. Toro, supra*, Judge Crawford reiterated that position by turning to the Supreme Court's treatment of Fed. R.Crim.P. 52(b) in *United States v. Olano, supra*, and drawing parallels between the

Federal Rule and similar provisions in the Uniform Code of Military Justice and the Military Rules of Evidence. Judge Crawford had this to say:

> In analyzing Fed.R.Crim.P. 52(b) the Supreme Court in *United States v. Olano*, *supra*, asserted a conviction should not be overturned unless three factors are satisfied: First, there must be an "error." —— U.S. at ——, 113 S.Ct. at 1777. Second, the error must "be 'plain.' 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' " —— U.S. at ——, 113 S.Ct. at 1777. And third, the error must "affec[t] substantial rights". —— U.S. at ——–——, 113 S.Ct. at 1777–78.

Id. at 37 M.J. at 316.

■ Having found the error to be clear and obvious, we turn now to an assessment of its impact to determine whether it affected substantial rights, fairness, integrity, or public perception of the proceedings. In that regard, we have an error that related only to the action of the convening authority, not the findings or sentence at trial. Therefore, we need not look beyond that action to gauge the error's effect. Looking at the convening authority's action, we see that he not only mitigated the sentence in keeping with the pretrial agreement, but went beyond the agreement's requirements. A sentence that included a dishonorable discharge, confinement for ten months, and reduction to E–1 was mitigated in two out those three aspects. Only the reduction in rate was not modified. The dishonorable discharge was reduced to a bad conduct discharge and all confinement that remained three months after the trial was suspended, which went considerably beyond the agreement's required suspension of confinement in excess of nine months.

While we cannot overemphasize the importance of accuracy in a staff judge advocate's recommendation, since the convening authority may rely on that document alone without viewing the record of trial, see *United States v. Lugo*, 32 M.J. 719, 722, (CGCMR 1991) (Bridgman, J. concurring), we do not believe the misstatement here concerning the heroin offense adversely affected the convening authority's action on the sentence in any way. We are convinced that the convening authority would not have approved a lesser sentence for the offenses of which Appellant was convicted even if the offenses had all been described correctly. Furthermore, we see no impact from the error in this case on the fairness, integrity, and public perception of the proceedings. Accordingly, we find that the error was not of the magnitude to constitute plain error, and, therefore, was waived by counsel's failure to object in his response to the staff judge advocate. Accordingly, no corrective action is deemed warranted.

## II

### Probationary Suspension Exceeding Eighteen Months

As a separate matter, not assigned as error, we note that the convening authority suspended the confinement for twenty four months from the date of trial, without explication of any unusual circumstances that would justify a suspension beyond the normal period of eighteen months established by Section 5–E1.b of the Coast Guard Military Justice Manual (MJM). Furthermore, no explanation was provided elsewhere by the Government. Here, as in *United States v. Leonard*, 41 M.J. 900 (C.G.Ct.Crim.App. 1995), the period of suspension was incorporated into the pretrial agreement and no objections were raised by the accused. Under the terms of *Leonard*, this issue would be deemed waived. There is an additional reason, not found in *Leonard*, for allowing this period of suspension to stand, however.

■ The facts of record provide unusual circumstances warranting a longer suspension. Appellant was a cocaine addict who unsuccessfully attempted to give up drugs at least twice, once prior to entering the Coast Guard and, again, a short time before the latest drug use offenses occurred. The defense case on sentencing emphasized the importance to Appellant of release from confinement and return to his family, where he had support to remain drug free. Under these circumstances, a longer period of probation, with potential return to prison hanging over his head, appears called for to provide strong motivation for Appellant to avoid

524

drugs and to continue rehabilitation treatment. Another important factor appearing in the record is that both Appellant's immediate and extended family reside in the Portsmouth, Virginia area where Appellant was stationed. His return home on appellate leave, then, would place him in proximity to Coast Guard authorities who could monitor and act on probation violations. For all of these reasons, we believe there are unusual circumstances appearing in the record that justify the 24 months suspension of confinement. We, nevertheless, strongly suggest that authorities who suspend a sentence for a period in excess of eighteen months, articulate their reasons for such action.

### III

### CONCLUSION

We have reviewed this record in accordance with Article 66, Uniform Code of Military Justice. Upon such review, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved and partially suspended below, are affirmed.

Judges FEARNOW and WIESE concur.