# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Reginald W. SIBLEY

## Fireman Apprentice, U.S. Coast Guard

## CGCMG 0135

## Docket No. 1095

## 10 May 1999

General Court-Martial convened by Coast Guard Pacific Area. Tried at Naval Station San Diego, California, 22-24 July 1997.

Military Judge: CAPT Robert W. Bruce, USCG

Trial Counsel: LTJG Derek A. D Orazio, USCGR

Detailed Defense Counsel: LT Matthew W. McNair, JAGC, USNR

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LT Susan Polizzotto, USCGR

### BEFORE
### PANEL FIVE

### BAUM, WESTON, AND McCLELLAND*

Appellate Military Judges

PER CURIAM:

Appellant was tried by a general court-martial before a military judge sitting alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of attempted escape from confinement and two specifications of attempted larceny; one specification of fraudulent enlistment; one specification of failure to obey a lawful order; eighteen specifications of larceny; one specification of making a check without sufficient funds; one specification of making a worthless check by dishonorably failing to maintain sufficient funds, three specifications of dishonorable failure to pay a debt, and six specifications of wrongfully obtaining services under false pretenses, in violation of Articles 80, 83, 92, 121, 123a, and 134 of the Uniform Code of Military Justice (UCMJ), 10 USC §§880, 883, 902, 921, 923a, and 934, respectively. The judge sentenced Appellant to a dishonorable discharge, confinement for 42 months, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged, but, pursuant to the pretrial agreement, suspended that part of the sentence adjudging confinement in excess of 28 months, with the suspension period to run for 24 months after Appellant s release from confinement.

Before this Court, Appellant has assigned four errors, two of which were submitted pursuant to *U.S. v. Grostefon*, 12 M.J. 431 (C.M.A. 1982): (1) that the convening authority erred to the prejudice of Appellant by dismissing offenses without prejudice after the trial counsel had stated on the record that withdrawal of offenses was with prejudice; (2) that Appellant was materially prejudiced by the convening authority s promulgation of a court-martial order indicating that he had pled not guilty to a three day unauthorized absence, which purportedly was withdrawn, when, in fact, after pleading guilty to the offense, the military judge inadvertently failed to find Appellant guilty and the convening authority dismissed the offense without prejudice, (3) that Appellant acquiesced to less favorable pretrial agreement terms in reliance on misleading representations by the prosecutor of the likely success of his request to the convening authority for deferral and waiver of automatic forfeitures payable to his legal dependents; and (4) that the convening authority abused his discretion by suspending Appellant s confinement for a 24 month period that exceeds the presumptively reasonable period established in Chapter 5-E-1-b of COMDTINST M5810.1C.

We find no prejudice to Appellant from the convening authority s action dismissing offenses, which met the requirements of the pretrial agreement, and the first assignment is rejected for that reason. The second assignment is rejected because, rather than being prejudiced by the convening authority s action, Appellant received a windfall from the dismissal of an offense to which he pled guilty. A supplementary court-martial order should be issued to accurately reflect Appellant s guilty pleas to that charge and specification. There is nothing in the record to support Appellant s *Grostefon* assignment three and it is rejected for that reason. Assignment of error four is rejected because, given the facts of this case, we find no abuse of discretion from the length of the period of suspension. Furthermore, Appellant waived this issue by entering into a pretrial agreement calling for the period of suspension. *U.S. v. Bernier*, 42 M.J. 521, 523 (C.G.Ct.Crim.App. 1995); *U.S. v. Leonard*, 41 M.J. 900, 903-904 (C.G.Ct.Crim.App. 1995)

After review of the record pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact, and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

For the Court,


//s//

Brian A. Johnson
Clerk of the Court