# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES

## v.

## Terry H. COLLEY

## Food Service Specialist First Class, U.S. Coast Guard

## CGCMS 24162

## Docket No. 1110

## 24 August 1999

Special Court-Martial convened by Commander, U.S. Coast Guard Group, Corpus Christi. Tried at Corpus Christi, Texas, on 21-22 July 1998.

Military Judge: CDR Gregory L. Shelton, USCG

Trial Counsel: LCDR Thomas Marian, USCG

Assistant Trial Counsel: LTJG Michele Woodruff, USCGR

Detailed Defense Counsel: LT Deborah Rattan, JAGC, USNR

Appellate Defense Counsel: LT Sandra K. Selman, USCGR

Appellate Government Counsel: LT Benes Aldana, USCGR

### BEFORE
### PANEL TWO

### BAUM, KANTOR, McCLELLAND

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a military judge sitting as a special court-martial. Contrary to his pleas, Appellant was convicted of the following offenses: one specification of dereliction of duty through neglect, one specification of signing a false basic allowance for quarters (BAQ) certification, and one specification of larceny of BAQ money in violation of Articles 92, 107, and 121 of the Uniform Code of Military Justice (UCMJ), respectively. The judge sentenced Appellant to a bad-conduct discharge (BCD), confinement for sixty days, and reduction to paygrade E-3. The convening authority approved the sentence as adjudged, but suspended the BCD and reduction below E-4 for three years.

Before this Court, Appellant has assigned three errors: (1) that the convening authority abused his discretion by ordering a sentence suspension for three years, (2) that the military judge erred to Appellant s prejudice by admitting opinion testimony from Appellant s officer in charge concerning rehabilitative potential, (3) that the evidence of record with respect to the larceny and false official statement offenses is factually insufficient in that it fails to establish the elements of intent to permanently deprive and intent to deceive. Assignments (2) and (3) are summarily rejected. It was not error to admit the opinion testimony of Appellant s officer in charge. Moreover, the evidence of record convinces us beyond a reasonable doubt of Appellant s guilt of all the offenses and, in particular, that the elements of intent to deceive by signing a false BAQ certification and intent to permanently deprive the Government of BAQ money to which Appellant was not entitled have been fully satisfied by the evidence.

With respect to the assignment of error regarding the three year suspension of the BCD and reduction below E-4, Appellant directs our attention to the following requirement in Section 5-E-1.b of the Coast Guard Military Justice Manual: " No suspension may be for an unreasonably long period. Absent unusual circumstances, the period of suspension shall normally not exceed eighteen months or one year beyond any period of confinement adjudged, whichever is greater." The application of that provision to a sentence suspension of four years was addressed by this Court in *United States v. Leonard*, 41 M.J. 900, (C.G.Ct.Crim.App. 1995). In that case, we said that, if the officer suspending the sentence does not articulate unusual circumstances warranting a longer suspension period, such circumstances must be readily discernible from the facts of the case or documented on the record by the Government in order to exceed the Military Justice Manual s limitation on suspension.

In this case, neither the convening authority, in his action suspending a portion of the sentence for three years, nor his staff judge advocate, when recommending a three year suspension, offered reasons for exceeding the eighteen month limitation in the Military Justice Manual. Nevertheless, we believe the reason for that extended suspension period is readily discernible from the facts of record. Both the staff judge advocate s recommendation and the trial defense counsel s clemency request to the convening authority indicate that Appellant had over sixteen and a half years of active duty service in November of 1998. Accordingly, when the convening authority suspended the BCD and reduction below E-4 in December 1998, Appellant needed only a little more than three years to be eligible for retirement with twenty years of active duty. A three-year suspension would keep him in a probationary status almost to

that point. This, undoubtedly, was the reason for the three-year suspension rather than eighteen months, to allow for monitoring of Appellant s performance and behavior until such time as he would be eligible for retirement from the Coast Guard.

The questions remaining are (1) whether such a reason qualifies as an unusual circumstance for extending the probationary period beyond the Manual s normal eighteen months, and (2), if this reason qualifies as unusual for purposes of going beyond eighteen months, does three years also meet the test of reasonableness? We answer both questions in the affirmative. It is unusual for someone, who is as close to retirement as this Appellant, to be facing a bad conduct discharge from a court-martial. Given this unusual circumstance, the convening authority had a legitimate interest in ensuring that, if he were to suspend the BCD, the Appellant would be monitored on probation until able to retire. Furthermore, in our view, three years is not an unreasonably long period of time for this Appellant on these facts to be subject to close observation and adherence to the terms of probation. For these reasons, we consider that the period of suspension of Appellant s BCD meets the requirements of the Military Justice Manual and Appellant's first assignment of error is, therefore, rejected.

After review of the record pursuant to Article 66, UCMJ, we have determined that the findings and sentence are correct in law and fact, and, on the basis of the entire record, should be approved. Accordingly, the findings and sentence, as approved and partially suspended below, are affirmed.

Judges KANTOR and McCLELLAND concur.

---

For the Court,

//s//

J. H. Baum
Chief Judge

---