UNITED STATES

v.

**Christian D. LIPSCOMB, Seaman Recruit, U.S. Coast Guard.**

CGCMS 24058.
Docket No. 1010.

U.S. Coast Guard Court of Military Review.

5 Nov. 1993.

Trial Counsel: LT Kent L. Booher, USCGR.

Detailed Defense Counsel: LT Robert J. Hunt, JAGC, USNR.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LT Garland M. Walker, USCGR.

Before Panel Three, BAUM, BRIDGMAN and FEARNOW, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by special court-martial judge alone and pursuant to his pleas of guilty was convicted of two specifications of unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ) 10 U.S.C. § 886; two specifications of disrespect to a superior petty officer in violation of Article 91, UCMJ; and one specification of wrongful appropriation of a motor vehicle in violation of Article 121, UCMJ. The judge sentenced Appellant to a bad conduct discharge, confinement for four months, and a fine of $1,000. The convening authority approved the sentence as adjudged, but suspended all confinement in excess of 52 days for a period of 12 months.

Before this Court, Appellant has assigned four errors: (1) that the civilian judges of this Court were appointed in violation of the Appointments Clause of the Constitution; (2) that the presence of collateral duty judges on this Court denies Appellant due process of law; (3) that the action of the convening authority fails to correctly indicate the starting date of the period of suspended confinement; and (4) that Appellant is entitled to additional credit against his sentence because of a denial of his right to a prompt probable cause review of his pretrial confinement by a neutral and detached magistrate.

The first two assignments have been decided contrary to Appellant's position in *U.S. v. Carpenter*, 37 M.J. 291 (C.M.A. 1993) and *U.S. v. Kovac*, 36 M.J. 521 (C.G.C.M.R.1992). Those decisions are dispositive and the assignments are rejected for that reason. The Government agrees with the third assignment, that the action

of the convening authority fails to correctly indicate the starting date of the period of suspended confinement as called for by the pretrial agreement. We also agree and in the interest of judicial economy will correct this error in our action.

## I

### PROBABLE–CAUSE REVIEW OF PRETRIAL CONFINEMENT WITHIN 48 HOURS

In the remaining assignment, Appellant, citing *County of Riverside v. McLaughlin,* 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991), argues here, as he did at trial, that he is entitled to additional credit for pretrial confinement because a determination of probable cause for continued confinement by a neutral and detached officer was not made within 48 hours of initial incarceration.

Subsequent to briefing of this issue, the U.S. Court of Military Appeals held in *U.S. v. Rexroat,* 38 M.J. 292 (C.M.A.1993), that the 48–hour time limit for the initial probable-cause review of pretrial confinement, which was imposed in *County of Riverside v. McLaughlin, supra,* applies to the military services. The Court also held that either the unit commander's initial determination of probable cause in accordance with R.C.M. 305(d) or review of pretrial confinement in accordance with R.C.M. 305(h) will suffice if made within 48 hours by a commander who is neutral and detached.

In this case, Appellant was ordered into pretrial confinement by his commanding officer pursuant to the terms of R.C.M. 305(d). Within 72 hours, that officer made the decision to continue confinement in accordance with the requirements of R.C.M. 305(h). Three days later, a review of that decision was made by another officer pursuant to R.C.M. 305(i), concluding that Appellant should remain in pretrial confinement.

The military judge found that, notwithstanding compliance with R.C.M.'s 305(h) and (i), there was a constitutional violation in this case because of the failure to make a probable cause determination within 48 hours, holding that under applicable case law, before *Rexroat, supra,* the decision by the commanding officer pursuant to R.C.M. 305(h) does not satisfy the requirement for review by a neutral and detached person. Nevertheless, he determined that no additional credit for pretrial confinement was warranted.

## II

### COMMANDING OFFICER'S QUALIFICATION TO MAKE A NEUTRAL AND DETACHED PROBABLE–CAUSE DETERMINATION

The question for us is whether *U.S. v. Rexroat, supra,* should change the conclusion in this case with respect to the commanding officer. Were his probable-cause determinations under R.C.M.'s 305(d) and (h) those of a neutral and detached official as required by *County of Riverside v. McLaughlin, supra,* and *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975)? *Rexroat* clearly says that "a commander is not *per se* disqualified to make the initial probable cause review required by *Gerstein,*" *id.* at 297, and that "either of the commander's probable-cause determinations required by RCM 305(d) and (h) can satisfy *Gerstein* if the commander is neutral and detached, and can satisfy *McLaughlin* if conducted within 48 hours." *Id.* at 298.

In the instant case, the R.C.M. 305(h) review was not made within the requisite 48 hours so the focus of our attention must be directed to the initial order to confine under R.C.M. 305(d). Did that decision satisfy applicable probable cause requirements and was it made by the requisite neutral and detached commander? If both of those requirements are met, then the *McLaughlin* 48–hour requirement is also satisfied because the necessary determination was made when confinement was ordered.

The probable cause question is resolved by Appellate Exhibit XI, the memorandum required by R.C.M. 305(h)(2)(C). In that document, the commanding officer articulates his reasons for ordering confinement.

Although this memorandum was prepared three days after confinement was ordered, it provides a record of the information known and relied upon by the commanding officer at the time of his decision to confine and it fully demonstrates the existence of probable cause. Referral of charges to trial on the same date as the memorandum, three days after Appellant was confined, further confirms for us that the underlying factors had to have been known and relied upon at the time of confinement. We are satisfied that the commanding officer made the necessary probable cause determination when confinement was ordered.

Finally, in performing these functions was the commanding officer acting as a neutral and detached official? In *U.S. v. Rexroat, supra,* the Court of Military Appeals was unable to determine from the record whether the officer who made the R.C.M.'s 305(d) and (h) determinations qualified as a neutral and detached commander. We do not have access to all the facts in that case so we do not know in what respect they were deficient. From those facts noted in the *Rexroat* opinion, we do see similarities here. We find enough differences, however, to convince us that we may conclude from the record that Appellant's commanding officer was neutral and detached.

As in *Rexroat,* the charge sheet reflects that the commanding officer was not the formal accuser. He was the convening authority, who referred the charges to court-martial and, in a quasi-judicial role, took post-trial action on the sentence. There was no challenge of any sort to this officer's qualification to act as convening authority. Nothing has been raised bearing even the slightest hint of a personal interest that would have disqualified him under the accuser concept. Furthermore, there is nothing in the record indicating participation in any prosecutorial capacity.

Finally, the account in Appellate Exhibit XI of the factors prompting the decision to confine Appellant convinces us, not only that the commanding officer had the requisite probable cause to do so, but that he took that action as a neutral and detached

official. Our conclusion in this regard is not affected by the fact that the memorandum was prepared with the assistance of the legal officer who subsequently served as trial counsel. The memorandum, nevertheless, displays a quality in its account of probable cause factors that reflects the neutral and detached character of the commanding officer's determination.

## III

### CONCLUSION

There is great appeal in Judge Cox's view that a commanding officer's qualification to determine probable cause should always be presumed, with the burden on the accused to show otherwise. *See U.S. v. Rexroat, supra,* (Cox, J. concurring in the result). With no evidence of record to the contrary, that rule alone would resolve the issue in this case. Even without such a rule, however, we believe the matters of record are sufficient to establish that the requirements of *County of Riverside v. McLaughlin, supra,* have been met in this case and that no further confinement credit is required.

We have reviewed this record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings of guilty and sentence, as approved below, are affirmed. The period of suspension of confinement is clarified, however, to expressly conform to the requirements of the pretrial agreement. That period commenced on the date sentence was adjudged, 1 December 1992, and shall be so reflected in a supplementary court-martial order.

Judges BRIDGMAN and FEARNOW concur.