## UNITED STATES

v.

**Louis N. HOGGATT, Fire Control Technician, Third Class, U.S. Coast Guard.**

**CGCMS 24097.
Docket No. 1037.**

U.S. Coast Guard Court of Criminal Appeals.

28 March 1995.

Trial Counsel: LT Robert S. Schuda, USCG.

Defense Counsel: LCDR L.J. Gonzalez Nieves, JAGC, USN.

Appellate Defense Counsel: LCDR Allen Lotz, USCG.

Appellate Government Counsel: LCDR John F. Koeppen, USCG.

Before Panel One, BAUM, BRIDGMAN, and WIESE, Appellate Military Judges.

BAUM, Chief Judge:

Appellant was tried by special court-martial, judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of the following offenses: two specifications of attempted larceny of merchandise in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C.A. §§ 880; two specifications of larceny of merchandise, and two specifications of larceny of credit cards in violation of Article 121, UCMJ; and two specifications of theft of mail matter in violation of Article 134, UCMJ. The military judge sentenced Appellant to a bad conduct discharge, confinement for six months, reduction to E–1 and a fine of $3,330, with a recommendation that the convening authority disapprove the fine if restitution was made for all the stolen merchandise. The convening authority approved the sentence as adjudged. Appellant has noted that the convening authority's promulgating order incorrectly states that the sentence was adjudged on 24 February 1994 and that a corrected order should be issued reflecting the correct date of 14 April 1994. We agree. Accordingly, it is hereby ordered that a supplementary promulgating order shall be issued by appropriate authority showing the correct date that the sentence was adjudged.

Appellant has summarily assigned one error before this Court, the oft rejected assertion that civilian judges on this Court have not been appointed in accordance with the Constitution and, thus, deprive the Court of jurisdiction. The assigned error is rejected again based on *United States v. Carpenter,* 37 M.J. 291 (CMA 1993), petition for cert. filed, No. 93–676 (U.S. 29 October 1993), and is rejected again for the same reason. Without admitting that the findings and sentence are correct in law and fact, Appellant, otherwise, submitted his case on its merits as to any and all additional issues. In reviewing the record pursuant to our responsibilities under Article 66, UCMJ, we noted certain evidence that raised questions warranting further input from counsel.

I

## EVIDENCE CONCERNING APPELLANT'S MENTAL CONDITION

Evidence presented at the sentencing stage of trial reveals that Appellant had been hospitalized for eleven months with a diagnosis of schizophrenia, paranoid type, at the time of trial. He was deemed by a sanity board convened in accordance with RCM 706 to possess sufficient mental capacity to understand the nature of the proceedings and to conduct or cooperate intelligently in his defense only because of the control of his schizophrenia with an antipsychotic medication. The president of the sanity board was of the opinion that Appellant would require some type of medication for the remainder of his life to control his schizophrenia and that careful monitoring of his medications will probably necessitate his seeing a physician at least once a month for the remainder of his life also. The doctor further explained that schizophrenia is a severe disturbance of the brain and that there is no evidence that it will ever resolve. Moreover, the usual course of the disease is one of variable periods of apparent sanity, interspersed with periods in which the patient becomes extremely paranoid and fearful that someone is trying to harm him, frequently requiring hospitalization.

II

## COURT ORDER SPECIFYING ISSUES

### A. Appellant's Mental Capacity At Appellate Stage

Given this evidence and no indication in the record as to Appellant's current condition, this Court questioned whether a medical evaluation reflecting Appellant's present capacity to understand and cooperate in the appellate proceedings should be conducted and reported to the Court before proceeding further with review of his case under Article 66, UCMJ. Citing *United States v. Massey,* 27 M.J. 371 (CMA 1989), the Court issued an order directing Appellate Defense Counsel to submit additional pleadings addressing that

question as well as others prompted by the evidence [1].

### B. Providence Of The Guilty Pleas

One of the other queries posed to counsel was whether the evidence of record raised questions concerning the providence of Appellant's guilty pleas to at least some, if not all, of the offenses. Despite the sanity board's finding of no severe mental disease or defect at the time of the alleged criminal conduct, which covered a period from October 1992 until admission to the hospital in May 1993, other evidence indicated that Appellant may have had symptoms of his paranoid schizophrenia when offenses were committed. Furthermore, a determination by the board that Appellant was able at the time of the alleged crimes to appreciate the nature and quality of wrongfulness of his conduct appeared to be contradicted in part by a written statement from the president of the board to the effect that the board's conclusion was possibly true for only some of the alleged offenses. That doctor also said, in response to a question from the judge, that there is a possibility the accused's conditions may have contributed to some of the later offenses. We noted in our order that the latest offenses were alleged to have been committed four days after Appellant was hospitalized with symptoms of paranoid delusions.

### C. Effectiveness of Trial Representation

Our last Court ordered question asked whether the evidence of record concerning Appellant's mental condition, coupled with the pleas of guilty, and the pretrial agreement, which set no limit on a sentence that could be approved by the convening authority, raise a possible issue of ineffective representation. Appellant declined to address this question. We note that Appellant was represented at trial by a counsel different from the one representing him before this court.

### III

### DEFENSE RESPONSES

#### A. Mental Capacity

Appellate Defense Counsel, citing *United States v. Van Tassel*, 38 M.J. 91, 92, (C.M.A.

1993) and R.C.M. 1203(c)(5), responded first by acknowledging that appellate review cannot continue unless Appellant has sufficient mental capacity to understand and cooperate in the proceedings, and that this Court has the authority to order further medical evaluation in this regard. Counsel went on to say that he has discussed the case with his client and has seen no indication that Appellant did not have the capacity to understand and cooperate in these proceedings. Moreover, neither Appellant nor counsel sees any need to reopen the question of mental capacity at the time of trial. Counsel has concluded that no further medical evaluation should be ordered by the Court at this time.

### B. Providence Of The Guilty Pleas

With respect to whether the evidence raises questions concerning the providence of the guilty pleas and, if so, what action is required, Appellate Defense Counsel cites R.C.M. 916(k) and says, "[t]he evidence raises the possibility of a potential defense of lack of mental capacity (SIC)" with regard to the two larceny of credit card offenses alleged to have occurred about four days after Appellant's hospitalization. Counsel goes on to say:

> If this Court finds that the providence inquiry, when considered as a whole, does not contain sufficient information to rebut or disavow this defense, the findings of guilty to those two specifications, at least, should be set aside. See *United States v. Thomas*, 39 M.J. 1078 (C.G.C.M.R.1994). If this Court does so, it should, in the interest of judicial economy, dismiss those charges. Appellant has served his entire adjudged and approved period of confinement; returning this case to the trial level for further proceedings would be unlikely to serve any useful purpose.

Appellant's Additional Pleading of 23 January 1995, page 3.

Appellate Counsel followed this up with a request that we carefully consider the evi-

---

1. That order of 12 January 1995 reflects an incorrect docket number. The correct number for this case is docket number 1037.

dence involved as evidence in extenuation and mitigation, particularly if some guilty findings are set aside. Noting that Appellant suffers from schizophrenia, chronic paranoid type, and is likely to be permanently and seriously disabled, with some indication that the disability was brought on in part by service in the Coast Guard, counsel suggests that a bad conduct discharge is inappropriately severe punishment.

## IV

## DETERMINATION AS TO ISSUES RAISED BY COURT ORDER

### A. Mental Capacity, Responsibility, And Counsel Effectiveness

■ In light of the responses to our questions, we are satisfied that it would be inappropriate for us to proceed further with any of these matters on our own initiative. Clearly, Appellant and his counsel see no need or possible benefit to be gained from further medical evaluation and have expressly stated they do not want this Court to order such an examination. Accordingly, with the assurances from counsel that Appellant has the present capacity to understand and cooperate in the appellate process, we will not order a medical evaluation. As to the providence of Appellant's pleas, the defense sees only a possibility of a potential defense under R.C.M. 916(k). That rule relates to the affirmative defense of lack of mental responsibility, for which the burden is on the accused and his counsel to raise and establish. R.C.M. 916(k)(3)(A) says that the accused is presumed to have been mentally responsible at the time of an alleged offense and that the presumption continues until the accused establishes by clear and convincing evidence that he was not mentally responsible at that time. While the evidence we have recounted appears to open the door to this defense, only Appellant and counsel know with certainty whether a full development of the evidence would warrant raising the issue. Without more from the accused and counsel there is no justification for finding any pleas of guilty improvident on this basis or on the basis of inability to entertain a specific intent, for that matter. We take Appellant's declination to address the counsel effectiveness question as showing a belief that he was adequately represented. There is nothing in the record to cause us to say otherwise.

### B. Appropriateness Of Sentence

■ By our order, we presented Appellant and counsel with the opportunity to assess the evidence we had noted, to address our questions, and to raise any other issues they deemed appropriate. The only new subject advanced by counsel is the suggestion that a bad conduct discharge is an inappropriately severe punishment for this Appellant based on the likelihood of permanent, serious disability, and the probability that medical benefits from the Coast Guard or the Department of Veteran Affairs would be lost by a bad conduct discharge. Notwithstanding Appellant's long term medical prospects, we are unable to conclude from the record that a punitive discharge is inappropriately severe for him and his offenses.

## V

## CONCLUSION

Having reviewed the record in accordance with Article 66, UCMJ, the findings and sentence are determined to be correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence, as approved below, are affirmed.

*Judges BRIDGMAN and WIESE concur.*