# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS

## Washington, DC

## UNITED STATES
## v.
## Anthony R. COLLOVA
## Seaman Apprentice, U.S. Coast Guard

## CGCMG 0121
## Docket No. 1080

## 6 February 1998

General Court-Martial convened by Commander, Maintenance and Logistics Command Pacific. Tried at Alameda, California, on 25-27 June 1996.

| | |
|---|---|
| Military Judge: | CAPT Lane I. McClelland, USCG |
| Trial Counsel: | LT Benes Z. Aldana, USCGR |
| Detailed Defense Counsel | LT T. A. Tolbert, JAGC, USNR |
| Appellate Defense Counsel: | LT Richard R. Beyer, USCGR |
| Appellate Government Counsel: | LT William G. Rospars, USCG |

## BEFORE
## PANEL FOUR

## BAUM, KANTOR AND WESTON

Appellate Military Judges

BAUM, Chief Judge:

Appellant was tried by a general court-martial composed of officer and enlisted members. Contrary to his pleas, he was convicted of one specification of wrongful distribution of lysergic acid diethylamide (LSD) in violation of Article 112a of the Uniform Code of Military Justice (UCMJ), 10 USC §912a. The members sentenced appellant to a bad conduct discharge, 90 days confinement, and reduction to pay grade E-1. The convening authority approved the sentence as adjudged. Before this Court, Appellant has assigned two errors, one of which asserts that the Court lacks jurisdiction due to a judicial appointment in violation of the Appointments Clause of the U.S. Constitution. This claim of error is rejected on the

basis of the U.S. Supreme Court s determination in *Edmond v. United States*, __U.S.__, 117 S. Ct. 1573 (1997), that this Court s judicial appointments are proper.

In his other assignment of error, Appellant, whose adjudged sentence does not include forfeitures, contends that he was, nevertheless, wrongfully deprived of pay and allowances through the *ex post facto* application of Article 58b, UCMJ.[1] After briefs were filed and oral argument heard on this assignment, the U.S. Court of Appeals for the Armed Forces issued its decision in *U.S. v. Gorski*, 47 M.J. 370 (1997), holding that the automatic forfeiture provisions of Article 58b, UCMJ, violate the U.S. Constitution s prohibition against *ex post facto* laws, when applied to an accused whose offenses preceded the effective date of the Article. That decision controls the outcome here, since Appellant s offense was committed before the effective date of Article 58b. Accordingly, any forfeiture of Appellant s pay and allowances pursuant to Article 58b, UCMJ, constitutes an *ex post facto* application of that Article warranting remedial action.

With regard to the remedy, Appellant submits that "the only way this Court can act to ameliorate the deprivation [of pay] is to set aside the BCD, which would automatically set aside the automatic forfeitures," since application of Article 58b is linked to the imposition of the BCD.[2] Appellant s brief at 12. In response, the Government says that, "[t]he fact that Appellant does not ask the court to set aside the Article 58b forfeitures evidences a concession that these forfeitures are not punishment, nor part of his sentence, and not within the power of this court to modify." Government brief at 2, footnote 2. Consequently, according to the Government, "Appellant s appeal on this issue is truly a claim for money damages against the United States that has been brought in the incorrect forum." Government brief at 2. While these arguments may have some persuasive force, they have been overtaken by contrary action in *U.S. v. Gorski, supra.*

In *Gorski,* the Court of Appeals for the Armed Forces stated that the appropriate remedy does not affect the findings, the imposed sentence, or the action of the convening authority, extending, instead, only to recoupment of forfeitures taken in reliance on the provisions of Article 58b and 57(a)(1).[3] The Court declared illegal both the collection of any forfeitures under Article 58b, and the execution under Article 57(a)(1) of a reduction in grade prior to the date of the convening authority s action. The Court then ordered restoration of forfeitures and all pay and allowances withheld as a result of the premature reduction. We will follow the lead of our higher Court.[4]

Having determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved, the findings and sentence approved below are affirmed. Collection of any forfeitures, and execution of the reduction in grade prior to the date of the convening authority s action are hereby declared illegal. Any forfeitures already collected from Appellant and any pay and allowances withheld because of the illegal reduction in grade will be restored.

Judges KANTOR and WESTON concur.

For the Court,

*Brian A. Johnson*

Brian A. Johnson

Clerk of the Court


---------------

FOOTNOTES:

1. Appellant states that he has no documents to establish the forfeitures, but presumes that they were automatically put into effect under the terms of Article 58b. He concedes that if the Government has proof that it failed to effectuate the automatic forfeiture provisions the assignment of error would be moot. Since nothing in this regard was presented by the Government, we have treated the assignment as presenting a viable issue.

2. Article 58b, UCMJ provides for forfeiture of all pay and allowances during confinement of an accused whose general court-martial sentence includes confinement of six months or less <u>and</u> a punitive discharge.

3. Article 57(a)(1) changed the effective date for certain sentences from the date of the convening authority s action to the earlier of either that date or 14 days after sentence was adjudged. The Court in *Gorski* held that this provision, as it applied to the accused s reduction in pay grade, by causing it to be executed before action by the convening authority, was also an *ex post facto* violation of the law. Although not raised by Appellant, that issue is also present in the instant case, since Appellant s reduction in rate was presumably executed on 11 July 1996, 14 days after sentence was adjudged, rather than 6 November 1996, when the convening authority acted. Accordingly, we find such an earlier execution of the reduction to be an invalid *ex post facto* application of Article 57(a)(1), UCMJ.

4. Although not raised in this case, the Government has filed pleadings in other cases before this Court asserting that the *Gorski* decision is inchoate, and should not be relied upon as precedent, since the period for filing a *writ of certiorari* with the U.S. Supreme Court has not expired. The Government contends that the *Gorski* decision is not binding precedent until the final outcome of that case is conclusively determined. We reject this contention, which flies in the face of numerous opinions of this Court which have relied upon a decision of our higher Court while that decision was pending final resolution by the Supreme Court. *See, e.g.*, *U.S. v. Carpenter*, 37 M.J. 291 (CMA 1993), vacated, _U.S._, 115 S.Ct. 2572 (1995); *U.S. v. Lipscomb,* 38 M.J. 608 (CGCMR 1993); *U.S. v. Kirk,* 41 M.J. 529, 530 (C.G.Ct.Crim.App. 1994); *U.S. v. Leonard,* 41 M.J. 900, 901 (C.G.Ct.Crim.App. 1995); *U. S. v. Merritte*, 42 M.J. 519 (C.G.Ct.Crim.App. 1995); *U.S. v. Bernier,* 42 M.J. 521, 522 (C.G.Ct.Crim.App. 1995); *U.S. v. Hoggatt,* 42 M.J. 524, 525 (C.G.Ct.Crim.App. 1995).