# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, DC

## UNITED STATES
### v.
### Ray H. KEITH

## Seaman Apprentice, U.S. Coast Guard

## CGCMS 24120
## Docket No. 1071

## 26 February 1998

Special Court-Martial convened by Commanding Officer, U.S. Coast Guard Support Center Alameda. Tried at Maintenance and Logistics Command Pacific, Alameda, California on 3 April 1996.

Military Judge: LCDR William J. Shelton, USCGR

Trial Counsel: LT Benes Z. Aldana, USCGR

Detailed Defense Counsel: CAPT Sean M. Sullivan, USMC

Appellate Defense Counsel: LT Richard R. Beyer, USCGR

Appellate Government Counsel: LT Frank R. Levi, USCGR

Appellate Government Counsel: LT William G. Rospars, USCG

## BEFORE
## PANEL FIVE

## BAUM, WESTON, AND McCLELLAND

Appellate Military Judges

Baum, Chief Judge:

Appellant was tried by special court-martial, judge alone. Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, he was convicted of three specifications of wrongful use of

marijuana and one specification of wrongful use of lysergic acid diethylamide (LSD), in violation of Article 112a, UCMJ. The judge sentenced Appellant to a bad conduct discharge, confinement for 90 days, forfeiture of $200.00 per month for six months and reduction to pay grade E-1. The convening authority approved the sentence as adjudged, but suspended confinement in excess of 30 days for a period of twelve months from the date sentence was adjudged, in conformity with the terms of the pretrial agreement. Before this Court, Appellant has assigned four errors: (1) that the judge's inquiry into the guilty pleas failed to establish the necessary factual predicate to support the findings of guilty; (2) that the record fails to demonstrate that clemency matters were brought to the attention of the convening authority or that he considered such matters prior to action being taken; (3) that the Court lacks jurisdiction because of a defective judicial appointment; and (4) that all money withheld from Appellant pursuant solely to Articles 57(a) and 58b, UCMJ, must be returned to Appellant because such money was collected illegally in violation of the Constitution's prohibition against *ex post facto* laws.

Action with respect to the last assignment is governed by *U.S. v. Gorski,* 47 M.J. 370 (1997) and *U.S. v. Collova*, __M.J.__ (C.G.Ct.Crim.App. Feb. 6, 1998). As in those cases, we will order the return of all forfeitures collected solely because of the application of Article 58b, UCMJ, and any pay withheld due to an early reduction in rate pursuant to Article 57(a)(1), UCMJ. The Government's arguments to the contrary are deemed to be without merit. Assignment of error (3) is rejected on the basis of the U.S. Supreme Court's determination in *Edmond v. United States*, __U.S.__, 117 S.Ct. 1573 (1997), that this Court's judicial appointments are proper. Assignment of error (2) is rejected based on the unopposed and uncontradicted affidavit of the staff judge advocate filed by motion of the Government, which is hereby granted. That affidavit establishes the delivery of Appellant's clemency request to the convening authority and we are satisfied that the convening authority considered the request. Assignment of error (1) will be addressed.

# I

## Whether The Facts Elicited In The Plea Inquiry Satisfactorily Establish Guilt

Citing *U.S. v. Davenport*, 9 M.J. 364 (CMA 1980), Appellant submits that Article 45, UCMJ requires that a factual predicate for a guilty plea be established by objective facts to ensure that a pleading and conviction are based on factual reality or truth. He contends that the military judge's plea inquiry failed to develop all the facts necessary to support the guilty findings, specifically, facts to support Appellant's conclusions that he had smoked marijuana and ingested LSD. The pertinent portions of the judge's plea inquiry bearing on this subject are as follows:

Inquiry into Specification 1, Wrongful use of marijuana.

MJ: As it regards to specification number one, do you want to tell me what you did?

ACC: Yes, sir. Me and one of my friends on two or three times during that period of time, sir, after work on the weekends, we'd go up to Pittsburgh just to get out of the Oakland area and away from Coast

Guard Island. We went up there, we'd walk around the parks and at that time I was handed a marijuana joint and I smoked it. And I did that two or three times.

MJ: And did you know at the time that the substance was marijuana?

ACC: Yes, Sir.

MJ: And did you know it was wrongful for you to inhale the marijuana?

ACC: Yes, sir.

MJ: Then I'm assuming that you did, in fact, inhale the marijuana?

ACC: Yes, sir.

Inquiry into Specification 2, Wrongful use of marijuana.

MJ: Now, this particular specification indicates that on several occasions at or near Oakland, California, on several occasions between January of 95 and August of 95, you wrongfully used marijuana. You want to tell me what you did between those dates?

ACC: Yes, sir. Me and my friend, we'd go up to the Oakland hills and we'd walk around the hills and at that time I smoked a joint.

MJ: Did this happen on more than one occasion?

ACC: Yes, sir. Two or three times.

MJ: And when you say you smoked a joint, do you mean smoked marijuana?

ACC: Yes, sir.

MJ: Did you inhale the substance?

ACC: Yes, sir.

MJ: Did you know that the use of that substance was wrongful?

ACC: Yes, I did, sir.

Inquiry into Specification 3, Wrongful use of marijuana.

MJ: Can you tell me what happened on that particular specification?

ACC: Yes, sir. I went over to Seaman Avey's house in San Leandro, at the apartments he had and, at which time, me and Seaman Avey and Seaman Rudder and Seaman Reed, smoked marijuana, sir. In May of 95, sir.

MJ: And did you know the substance to be marijuana?

ACC: Yes, sir.

MJ: Did you inhale the substance?

ACC: Yes, sir.

MJ: Did you know that the use of the substance was wrongful?

ACC: Yes, sir.

Inquiry into Specification 4, Wrongful use of LSD.

MJ: Specification number four, the elements are the same with the exception that the substance is different. The substance being Lysergic Acid Diethylamide. The specification indicates that this happened on or about 7 October, 1995.

ACC: Yes, sir.

MJ: Substance being LSD.

ACC: Yes, sir.

MJ: Do you want to tell the court what happened on that occasion?

ACC: At this time, my friend brought back a Starburst candy that was--had LSD on it, sir. At which time I went to the bathroom and took it, sir.

MJ: The specification indicates that this occurred on board Support Center Alameda.

ACC: Yes, sir.

MJ: Is that true?

ACC: Yes, sir.

MJ: Where on board Support Center Alameda?

ACC: In the barracks, sir.

MJ: And you say it was on a Starburst?

ACC: On a Starburst piece of candy, sir.

MJ: Okay, Starburst is a particular brand name of candy?

ACC: Yes, sir.

MJ: And the candy was laced with the acid?

ACC: Yes, sir.

MJ: Did you know that at the time?

ACC: Yes, sir. I did.

MJ: And I'm assuming you just-that you ate the candy?

ACC: Yes, sir.

MJ: Did you know that was wrongful?

ACC: Yes, sir.

1. 13-16

This inquiry, though brief, covered all the necessary elements of the charged offenses, but, as Appellant contends, it did so by eliciting conclusions as to the nature of the controlled substances, without providing factual information to support those conclusions. According to Appellant, "[t]he statement `I was handed a marijuana joint' does not establish that what the accused was handed was really marijuana, only that the accused believed it to be so," and the same for the asserted LSD. Appellant's brief at 6-7. Appellant contends that, while an accused's belief in his own guilt is necessary before a plea of guilty may be accepted, it is also essential that such belief be accompanied by objective facts, which may be provided by information "such as what either substance looked like, felt like, or smelled like; whether

the accused felt any physical or psychological impact after consuming the substances; whether the accused's bodily fluids tested positive for the presence of marijuana or LSD metabolites; or if the accused possessed any special training or experience upon which he based his claimed identification of substances." Appellant's brief at 7. Appellant says that without facts of this nature to identify the substances consumed, it cannot be said with sufficient certainty that the pleas and conviction are based on factual reality. For that reason, he argues that the findings of guilty may not stand.

The Government disagrees. Citing *U.S. v. Eberle*, 44 M.J. 374 (1996*), U. S. v. Prater*, 32 M.J. 433 (CMA 1991), and *U.S. v. Hebert*, 1 M.J. 84 (CMA 1975), the Government submits that an appellate court should not set aside a guilty plea that has been accepted at trial unless matter in the record creates a substantial conflict with the plea. Arguing that no such matter exists here, the Government says that Appellant's conviction should be affirmed. According to the Government, Appellant has not directly asserted that matter in the record substantially conflicts with his plea, or that the plea was not knowing and voluntary. Instead, the Government sees Appellant as asserting only that he should have been required to provide additional circumstantial evidence to establish that it was marijuana and LSD that he consumed. That is the essence of Appellant's challenge to the findings. We agree with the Appellant that it would have been better practice for the judge to have inquired further into the basis for Appellant's assertion that the substances ingested were marijuana and LSD. Absent such an inquiry, guilty findings may be vulnerable to successful attack on appeal, when a conflict appears in the record concerning the true nature of the substances. Here, there is nothing in the record to cause this Court to question Appellant's sworn statements that the substances were in fact marijuana and LSD. Moreover, as the Government points out, Appellant's sworn answers to the judge do provide some circumstantial evidence from which it may be inferred that the substances in question were marijuana and LSD. The Government notes that Appellant related under oath that he left the Coast Guard Island area to smoke marijuana in parks, up in the hills, and in a private residence, inferring that such clandestine smoking sessions would not have been necessary if a controlled substance was not involved. The Government also points out the same inference to be drawn from Appellant's going into the bathroom to ingest the "Starburst" candy, seeing no need to hide the ingestion of a piece of candy unless it was laced with the stated LSD. The Government also sees an inference of drug use from Appellant's choice of the word "took" rather than "ate" when referring to the way he ingested the candy. We agree that such inferences may be drawn from Appellant's account of the circumstances surrounding the offenses.

While preferring a more probing inquiry before acceptance of guilty pleas, we find no basis in this record to question the sworn admissions by Appellant that provide the necessary factual predicate for those pleas. Accordingly, we find Appellant's pleas of guilty to be provident. The findings and sentence are correct in law and fact and on the basis of the entire record should be approved. The findings and sentence approved and partially suspended below, therefore, are affirmed. However, collection of any forfeitures in excess of the adjudged $200 per month for six months, and execution of the reduction in grade prior to the date of the convening authority's action, if such occurred, are hereby declared illegal. Any excess forfeitures already collected from Appellant and any pay and allowances withheld because of the illegal reduction in grade will be restored.

Judge WESTON concurs. Judge McCLELLAND did not participate in the decision.

For the Court,

*Brian A. Johnson*

Brian A. Johnson
Clerk of the Court