BAUM, Chief Judge:
Appellant was tried by a general court-martial military judge sitting without members. Pursuant to pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of the following offenses: one specification of dereliction of duty in violation of Article 92 of the Uniform Code of Military Justice (UCMJ), two specifications of false official statements in violation of Article 107 UCMJ, forty-eight specifications of larceny in violation of Article 121 UCMJ, twenty-four specifications of forgery in violation of Article 123 UCMJ, and one specification each of unlawfully altering an official document and of adultery in violation of Article 134 UCMJ. The judge sentenced Appellant to confinement for eight years, reduction to E-l, and a dishonorable discharge. The convening authority approved the sentence as adjudged, but suspended for 12 months that part of the sentence adjudging confinement in excess of 48 months, pursuant to the pretrial agreement.
Before this Court, Appellant has assigned three errors: (1) that defense counsel provided prejudicially ineffective assistance, (2) that the convening authority’s action is legally incorrect because it was taken without permitting Appellant to respond to an adverse letter sent to the convening authority, and (3) that Appellant was wrongfully deprived of pay and allowances by the ex post facto application of Article 58b, UCMJ. Action with respect to the last assignment is governed by U.S. v. Gorski, 47 M.J. 370 (1997) and U.S. v. Collova, 47 M.J. 829 (C.G.Ct.Crim.App.1998). As in those cases, we will order the return of all forfeitures collected solely because of the application of Article 58b, UCMJ, and, although not included as part of the assigned error, any pay withheld due to an early reduction in rate pursuant to Article 57(a)(1), UCMJ, which constitutes an ex post facto application of that Article also. We find no merit to the second assignment of error. We will address the first assigned error, one aspect of which was orally argued to the Court — whether • counsel’s post-trial representation was prejudicially inadequate with respect to clemency matters.
Whether Appellant Received Prejudicially Ineffective Trial And Post-Trial Representation
Appellant has alleged that his defense counsel provided prejudicially inadequate trial and post-trial representation. The test for resolving an allegation of this sort was established by the U.S. Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and was incorporated into military law by U.S. v. Scott, 24 M.J. 186 (CMA 1987). First, Appellant must show that counsel’s errors were so serious that he was not functioning as the counsel guaranteed by the Constitution’s Sixth Amendment. Next, Appellant must demonstrate that counsel’s deficient performance resulted in prejudice, which deprived him of a fair trial, that is, one whose result is reliable. In support of his assertions, Appellant *836 has provided an affidavit setting forth a variety of shortcomings attributed to his trial defense counsel. In response, this Court ordered the Government to obtain an affidavit from defense counsel, which the Government has submitted to the Court. Applying the methodology prescribed by U.S. v. Ginn, 47 M.J. 236, 248 (1997), we have determined that Appellant’s affidavit is factually adequate on its face to state a claim of legal error, but the appellate filings and the record as a whole compellingly demonstrate the improbability of all allegations, save certain ones relating to the post-trial representation of Appellant. Accordingly, we find no merit in Appellant’s assertions concerning counsel’s trial and pre-trial performance.
With respect to those allegations affecting the post-trial clemency process, Appellant states in his affidavit that he was not permitted to submit matters in clemency before the convening authority took action. He says that the request for clemency prepared and submitted by counsel on Appellant’s behalf was done without Appellant’s knowledge and approval and does not reflect his request in any manner or form. Moreover, according to Appellant, he never gave his counsel permission to act on his behalf in this regard.
Defense counsel addresses this subject in his affidavit filed with the Court. In that affidavit, counsel says he told Appellant after trial that he would draft a clemency request on Appellant’s behalf and that Appellant agreed with this plan. Counsel further states that he gave Appellant a date by which anything Appellant wanted included should be submitted, either from Appellant or others, but that Appellant was not very hopeful that anyone would write a statement for him. According to counsel, when the prearranged date came and nothing had been received, he prepared a clemency request, as best he could, given the paucity of helpful information from his client.
This statement from counsel, together with the record, which, among other things, reflects Appellant’s impaired functioning from major depression, compellingly demonstrate the improbability of Appellant’s allegations that he was not permitted to submit matters or that he had no knowledge of a clemency request being prepared by counsel. His other allegation that he did not approve the clemency request that was submitted is a different matter. Although it might be inferred from defense counsel’s statement that Appellant’s approval of a plan for counsel to prepare a clemency request also carried with it approval of a clemency submission, without Appellant seeing and agreeing with its contents, the affidavit does not say that. Counsel does not directly refute the assertion that a clemency request was submitted without Appellant’s knowledge and approval, or that Appellant did not give his counsel permission to act on his behalf with respect to such a submission. Because these allegations are unrebutted, we will accept them as true, as in U.S. v. Hood, 47 M.J. 95 (1997). Also, as in Hood, we hold that trial defense counsel’s performance in this regard was deficient within the meaning of Strickland v. Washington, supra.
Counsel must remember that the obligations and responsibilities to clients after trial are measured by the same standards as before and during trial. In this regard, the admonitions in U.S. v. Hood, at 47 M.J. 95 bear repeating:
Defense counsel has primary responsibility for strategic and tactical decisions, “after consultation with the client where feasible and appropriate.” United States v. MacCulloch, 40 MJ 236, 239 (CMA 1994), quoting Standard 4-5.2(b), ABA Standards for Criminal Justice, The Defense Function (3d ed.1993). When preparing a post-trial clemency package, defense counsel is “required to make an evaluative judgment on what items.. .[are] to be submitted to the convening authority.” United States v. MacCulloch, supra. If defense counsel thinks that certain matters should not be submitted, he should so advise his client. Id. Defense counsel may not, however, refuse to submit matters offered by the client or submit matters over the client’s objection. See United States v. Hicks, 47 MJ 90, 93 (“Just as the accused controls the right to testify at trial,.. .the accused also has the right to submit or not submit material to the convening authority over defense counsel’s *837 objection.”); United States v. Lewis, 42 MJ 1, 4 (1995) (“Counsel’s duty is to advise, but the final decision as to what, if anything, to submit rests with the accused.”)
(Emphasis added).
Here, notwithstanding Appellant’s failure to provide a clemency input, defense counsel should have shown what he had prepared to Appellant and gotten his client’s approval before submitting the clemency request to the convening authority. Unless permission is obtained beforehand to forego this step, the draft clemency request must be cleared with the client in this manner. All counsel would be well advised to document their actions in this regard to foreclose issues of this sort. In this case, absent a showing that counsel complied with the basic obligation to obtain his client’s permission to submit the clemency letter that counsel had prepared, we have accepted as true Appellant’s assertion that counsel failed to fulfill that obligation. As already noted, that failure was error, which we will test for prejudice.
Testing For Prejudice
Appellant states in his affidavit that counsel’s request for clemency does not reflect “in any manner or form” the kind of clemency petition that he would have submitted. Instead, two copies of clemency request letters from Appellant addressed to the Commandant of the Coast Guard are attached to Appellant’s initial brief as examples of what he would have provided counsel if he had been consulted.[1] These letters have December and January dates, which are, respectively, six and seven months after the clemency request submitted by defense counsel in June. The December letter discusses changes in Appellant’s perspective and his family’s circumstances that occurred in the intervening months from June through December. This change in perspective so completely pervades the letter that it is unimaginable that any of its contents could have been included in the June clemency request. The same is true of the January letter which deals exclusively with a tragic accident that happened to Appellant’s son in December. Accordingly, they have no relevance whatsoever to the issue of possible prejudice arising from counsel’s failure to obtain Appellant’s approval of the clemency petition to the convening authority. For that reason alone, Appellant has not carried his burden of showing prejudice.
Even if we were to treat the contents of Appellant’s letters in their entirety as relevant information of the kind that Appellant could have provided in June, we would still find no prejudice, upon application of the appropriate standard from U.S. v. Hood, supra. That ease also involved the failure of counsel to discuss the contents of a clemency package with his client. After finding that this failing constituted deficient performance within the meaning of Strickland v. Washington, supra, the Court stated:
To prevail on his claim of ineffective assistance of counsel, appellant must show that his counsel’s deficient performance prejudiced his case. To satisfy this burden, he “must show that there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Strickland, 466 U.S. at 694, 104 S.Ct. at 2067.
U.S. v. Hood, 47 M.J. at 97
In applying this test, we have compared the information in Appellant’s letters with counsel’s clemency petition and we have weighed all of the submitted information against the backdrop of the facts of record to determine whether consideration of the new information raises a reasonable probability of more favorable action by the convening authority. In this regard, the record establishes that Appellant was convicted of stealing approximately $63,000 in Coast Guard Mutual Assistance funds over a period of several years. These offenses were committed while he was administering those funds directly for the District Commander, whose signature he forged in carrying out some of the thefts. During the period Appellant was committing these crimes, he was also having an extra-marital affair with a young woman who was his subordinate petty officer when *838 the relationship commenced. At some point, Appellant left his wife and two children for this other person, who, at the time of trial, was pregnant with Appellant’s child.
Appellant talks in his letters about the need of his two families for his presence and financial assistance. He claims to have gained new insights into the seriousness of his actions and expresses remorse, but he only talks in general terms of the bad decisions or mistakes he made, and a lifestyle and attitudes for which he is now sorry. While professing concern for his former wife, children, and the mother of his latest child, his words and tone reflect a preoccupation with himself and his perceived needs, particularly his desire to be released from confinement.
In contrast, the defense counsel’s timely petition for clemency to the convening authority sets out in straightforward terms the fact that Appellant has spent half of his 35 years serving the Coast Guard, that by virtue of his conviction and dishonorable discharge he has lost the benefit of those years, and must now start his life over again with the stigma of convictions for theft and forgery. He goes on to explain that Appellant’s deep remorse for his crimes has left him virtually unable to function to the point that he frequently considers suicide rather than face the rest of his life. In a plea for clemency to give Appellant some hope that he can begin to rebuild his life and become a productive member of society, counsel asks the convening authority to suspend all confinement over two years, rather than the four years called for by the pretrial agreement.
When we weigh the matters raised in Appellant’s letters, along with the clemency petition submitted by counsel, and the facts of this ease, we find that Appellant has not shown a reasonable probability of more favorable action by the convening authority. Accordingly, whether we treat Appellant’s letters as relevant evidence or not, he has failed to meet his burden of showing prejudice. The required showing of prejudice not having been met, the assignment of error is rejected.
Conclusion
We have determined that the findings and sentence are correct in law and fact and on the basis of the entire record should be approved. Accordingly, the findings and sentence approved and partially suspended below are affirmed. Collection of any forfeitures pursuant to Article 58b, UCMJ, and any reduction in pay grade prior to the date of the convening authority’s action pursuant to Article 57(a)(1), UCMJ, are hereby declared illegal. Any forfeitures already collected from Appellant and any pay and allowances withheld because of the illegal reduction in grade will be restored.
Judges WESTON and McCLELLAND concur.

. One letter lists five enclosures, including a restitution plan, but the enclosures are not attached.